790 So.2d 256 (2001)
Sheila HARRIS, as administratrix of the estate of Francis Joseph Martocci, deceased
v.
MEDSTAR, INC., d/b/a Rural Metro Ambulance.
1992175.
Supreme Court of Alabama.
February 7, 2001.
Sheila V. Stone, Elberta; and Brian C. Isphording Elberta, for appellant.
C. Clay Torbert III and Richard H. Allen of Capell & Howard, P.C., Montgomery, for appellee.

ORDER
The appellee having filed a motion to dismiss the appeal, and the same having been submitted and duly considered by the Court,
IT IS ORDERED that the appeal is dismissed as not timely filed.
IT IS FURTHER ORDERED that the costs be taxed against the appellant as provided by Rule 35, Alabama Rules of Appellate Procedure.
MOORE, C.J., and HOUSTON, SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
The dismissal of this appeal stands for the proposition that Rule 4(a)(3), Ala. R.App.P., and Rule 58(c), Ala.R.Civ.P., together, mean for an appellant's appeal time to be counted from the date a trial judge writes an appealable judgment or order directly onto a case action summary, even though the clerk of the court may not receive that case action summary bearing that order or judgment until some days or longer afterwards. In this particular case, the case action summary bears both datesthe date when the trial judge wrote the appealable order, and the date two days later when the court clerk received the case action summary from the trial judge. Had the appellant's appeal time been counted from the date the clerk received the case action summary, the appeal would have been timely. However, as the appeal time was counted from the two-day-earlier date when the trial judge wrote the appealable order directly onto the case action summary, the appeal was untimely.
In this particular case, neither party has told us whether or not the trial judge *257 announced his ruling to the parties in open court as he wrote it on the case action summary, as judges frequently do. Thus, for aught that appears to us in this particular case, this appellant may have known about the adverse ruling for the entire 42-day appeal time beginning after that date.
I recommend, however, that the Committee on the Rules of Civil Procedure appointed by this Court study Rule 58(c), Ala.R.Civ.P., and initiate revisions that will eliminate the potential for injustice present in the current text of the rule as interpreted by this Court in this case. Consistently with the rationale of our dismissal of this appeal, Rule 58(c), in conjunction with Rule 4(a)(3), Ala.R.App.P., can be interpreted to mean that the appeal time is counted from the date when the judge writes the order or judgment on the case action summary even if the case action summary never reaches the clerk's office and the prospective appellant does not receive notice until after the appeal time has expired. Today's dismissal of this appeal does not differentiate between judgments or orders announced and entered in open court and those entered not in open court, perhaps in the judge's chambers or some other place, outside the presence of the parties, and without announcement to the parties, while the matter is under submission.
Rule 77(d), Ala.R.Civ.P., and our recent harsh case of Miller v. Amerada Hess Corp., 786 So.2d 1106 (Ala.2000) (the clerk's failure to give notice does not toll appeal time), stand for the proposition that parties or their counsel must proactively monitor the clerk's office for any assurance of notice of rulings by the court. Likewise, § 12-17-94 and § 12-17-161, Ala. Code 1975, establishing the duties of circuit clerks and district clerks respectively, constitute the clerks' offices as the proper sites for such monitoring. The offices of the individual judges are not practical sites for such monitoring. Parties, lawyers, paralegals, secretaries, and runners are not officially welcome to inspect documents in the judges' offices, which are not the official repositories of final orders and judgments. While many a judge is patient enough and cooperative enough to entertain inquiries about particular rulings, each judge generally has enough cases on submission, and likewise every lawyer commonly has enough cases under submission, that a requirement that litigants or their lawyers must monitor not only the clerk's office but also the individual judges' offices will, in many circuits, mean that conscientious lawyers will spend the better part of at least a day every week trying to learn whether any adverse rulings have been entered, and each judge and his staff will spend a considerable part of every day trying to answer inquiries, in what is doomed to be a hit-and-miss way of getting or giving the fair notice of rulings that courts really owe.
I suggest that Rule 58(c) be amended to provide that, when a judge announces his ruling to the parties and writes it directly on the case action summary contemporaneously on the same day, the losing party's time for appeal or other response will be counted from that day, but, if the judge does not announce the ruling to the parties (including the losing party) when the judge writes the ruling on the case action summary, then the losing party's time for appeal or other response will be counted from the date the clerk receives the case action summary from the judge. A judge can more easily deliver a case action summary promptly to the court clerk than a lawyer can extract timely notice from the judge's office in circuits with multiple judges, many lawyers, and many cases under submission.