814 So.2d 836 (2001)
Ex parte Frank POTTS.
(Re Frank Potts v. State).
1991073.
Supreme Court of Alabama.
May 11, 2001.
Rehearing Denied September 14, 2001.
*837 Steven G. Noles, Fort Payne, for petitioner.
Bill Pryor, atty. gen., and J. Thomas Leverette, asst. atty. gen., for respondent.

On Application for Rehearing
PER CURIAM.
The opinion of December 8, 2000, is withdrawn and the following is substituted therefor.
A jury convicted Frank Potts of murder, and the circuit court sentenced him to life imprisonment. The Court of Criminal Appeals affirmed his conviction and sentence on direct appeal. Potts v. State (No. CR-94-2030), 689 So.2d 1009 (Ala.Crim.App. 1996) (table), cert. denied (No. 1960241), 696 So.2d 304 (Ala.1997) (table).
Potts later petitioned for postconviction relief pursuant to Rule 32, Ala. R.Crim. P. The Jackson Circuit Court denied his petition. The Court of Criminal Appeals, on January 28, 2000, affirmed, with an unpublished memorandum. Potts v. State (No. CR-98-0271), 805 So.2d 783 (Ala.Crim. App.2000) (table).
Potts alleged in his Rule 32 "Petition for Relief from Conviction or Sentence" that he had been denied due process of law when the trial judge failed to disqualify himself from Potts's case because of the landlord-tenant relationship Potts says the judge held with the prosecutor. The Court of Criminal Appeals held in its unpublished memorandum that Potts had not satisfied the requirement of Rule 32.1(e), which defines "newly discovered evidence." We granted certiorari review to determine whether the trial judge was disqualified from hearing this case, in light of the landlord-tenant relationship he is alleged to have shared with the prosecutor in this case. We affirm the judgment of the Court of Criminal Appeals.

Facts
The lease agreement that Potts says created the landlord-tenant relationship actually states that a landlord-tenant relationship exists between Judge William W. Haralson and his wife, on the one hand, and the State of Alabama on the other. Judge Haralson tried Potts's murder case, and Dwight Duke, one of the prosecutors in that case, had signed the lease agreement on behalf of the State. Potts says the judge and the prosecutor had a landlord-tenant relationship because Judge Haralson owned the building where the prosecutor had his office, and Potts says he did not learn that until January 1996.
The testimony was disputed as to whether Potts's defense attorney had known that Judge Haralson owned the building. John Graham, a part-time prosecutor who also leases office space from Judge Haralson and who was buying Judge Haralson's practice, testified that he told Potts's trial *838 counsel that Judge Haralson owned the building; however, Potts's trial counsel testified that Graham had not told him. Graham also testified that in civil cases he has before Judge Haralson, Judge Haralson files a notice of disqualification, and that the notice states the reason he is disqualified from the case and states the disqualification could be "remitted." Graham testified that he had prepared a form that he and his clients would sign. He said he would submit the form to the opposing counsel and to the adverse party for their signatures.

Discussion
We first address the State's argument that Potts's appeal was untimely. Potts filed his Rule 32 petition on July 28, 1998. The trial court entered an order denying the petition on August 27, 1998.[1] On October 6, 1998, Potts filed a motion entitled "Motion to Alter, Amend, Vacate or For New Trial." On October 8, 1998 42 days after the trial court's order denying the petition had been enteredPotts filed his notice of appeal. Therefore, Potts's appeal to the Court of Criminal Appeals was timely.
Potts argues that he was denied due process of law when he was convicted of murder in a trial conducted by a judge who received rental income at the discretion of the prosecutor who tried the case. Thus, Potts stated a constitutional violation as grounds for his request for a new trial. Contrary to the Court of Criminal Appeals' holding in its unpublished memorandum, Potts is not required to prove that the information he says has come to his attentionthat is, the fact of the alleged landlord-tenant relationship between Judge Haralson and the Statemeets the requirements of Rule 32.1(e) for "newly discovered material facts." See Ex parte Pierce, [Ms. 1981270, Sept. 1, 2000] ___ So.2d ___ (Ala.2000) (reversing the Court of Criminal Appeals' holding that even when the defendant seeks post-conviction relief based on constitutional grounds pursuant to Rule 32.1(a), the defendant must meet the requirements of Rule 32.1(e) for obtaining post-conviction relief based on newly discovered evidence). However, Potts's claim would be precluded under Rule 32.2(a)(3) and (5) if it could have been raised at trial or on appeal. Potts moved for a new trial on October 13, 1995. The trial court set a hearing on that motion for January 25, 1996. Potts filed an amended motion for a new trial in which he argued that Judge Haralson should have recused himself from Potts's case based on the landlord-tenant relationship Judge Haralson shared with the State. In addressing whether Potts's claim was procedurally barred, the Court of Criminal Appeals held that because it had held on direct appeal that the trial court properly concluded that Potts's motion for a new trial had been denied by operation of law before he amended his motion for a new trial and before a hearing could be held on his motion for a new trial, the issue whether Judge Haralson should have disqualified himself was not procedurally barred. The Court of Criminal Appeals reasoned that the issues raised in Potts's amended motion, including the disqualification issue, *839 were raised after the trial court had lost jurisdiction and, thus, that those issues and any rulings on them were nullities. We agree with the Court of Criminal Appeals that Potts's due-process claim is not barred by Rule 32.2(a)(2) and (5), Ala. R.Crim. P. Accordingly, we now address the merits of Potts's due-process claim.
In Henderson v. G & G Corp., 582 So.2d 529, 530 (Ala.1991), this Court held:
"Recusal is required [only] where facts are shown that make it reasonable for a party or for opposing counsel to question the impartiality of the judge. However, recusal is not required by the mere accusation of bias unsupported by substantial evidence.
"We further note that there is a presumption that a judge is qualified and unbiased, and that one alleging to the contrary has a substantial burden of proof. The test for recusal is whether a person of ordinary prudence in the judge's position, knowing all of the facts known to the judge, would conclude that there is a reasonable basis for questioning the judge's impartiality."
(Citations omitted.)
Canon 5C.(1), Ala. Canons of Jud. Ethics, provides that "[a] judge should refrain from financial and business dealings that tend to reflect adversely on his impartiality, interfere with the proper performance of his judicial duties, or exploit his judicial position." Subsection (2) of Canon 5C. provides that "[s]ubject to the requirements of subsection (1), a judge may hold and manage investments, including real estate." See also the Judicial Inquiry Commission's Advisory Op. No. 84-210 (1984).[2] Potts presented no evidence indicating that the business dealings between the trial judge and the prosecuting attorney affected the trial judge's impartiality, interfered with the proper performance of his judicial duties, or exploited his judicial position. See Ala. Canons of Jud. Ethics, Canon 5C.(1).
We note that the Alabama Judicial Inquiry Commission ("JIC") has suggested that a judge recuse himself or herself if an attorney in a case before the judge is renting property directly from the judge or from the judge's spouse. See JIC Advisory Op. No. 99-719 (1999) (citing JIC Advisory Ops. No. 81-115, No. 82-130, No. 86-255, and No. 97-660). The JIC reasoned that "a judge's impartiality is reasonably questionable where the judge receives income as a financial benefit from an attorney or law firm occupying a building owned by the judge or the judge's spouse, and the financial benefit or income may depend on the financial success of the attorney or law firm." Id. In this case, however, the judge's financial benefit is not dependent on the financial success of a law firm or an individual attorney. The judge is leasing office space to the prosecuting attorney for the Child-Support Division of the District Attorney's Office. The judge's financial interest in the building is not affected by the success or failure of the District Attorney's Office, because a district attorney's office is not financially dependent on the outcome of its cases. Thus, we conclude that Potts has not carried the substantial burden of proof necessary to overcome the presumption that the trial judge is qualified and unbiased. Therefore, under the particular circumstances *840 of this case, we hold that the trial judge was not required to recuse himself.
Accordingly, the Court of Criminal Appeals correctly affirmed the trial court's order denying Potts's petition for postconviction relief.
APPLICATION GRANTED; OPINION OF DECEMBER 8, 2000, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
MOORE, C.J., and SEE, BROWN, HARWOOD, and STUART, JJ., concur.
JOHNSTONE, J., concurs in part and dissents in part.
HOUSTON, LYONS, and WOODALL, JJ., dissent.
JOHNSTONE, Justice (concurring in part and dissenting in part).
I concur in the rationale and holding that the issue of the trial judge's disqualification is preserved for review. I respectfully dissent, however, from the rationale and holding that the trial judge was not disqualified. The trial judge was receiving rental income at the will of the district attorney.
NOTES
[1] Although the trial court's order is dated August 25, 1998 (44 days before Potts filed his notice of appeal), the order was not stamped "filed" until August 27, 1998 (42 days before the notice of appeal was filed). Rule 4(a)(1), Ala. R.App. P., requires that a notice of appeal "be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from." This Court has held that the date of entry by the clerk, rather than the date the judgment is rendered, should be used when computing the time within which the notice of appeal must be filed. Holmes v. Powell, 363 So.2d 760 (Ala.1978).
[2] Canon 3C.(1), Ala. Canons of Jud. Ethics, provides that "[a] judge should disqualify himself in a proceeding in which his disqualification is required by law or his impartiality might reasonably be questioned, including ... instances where ... [h]e has a personal bias or prejudice concerning a party...."