Cynthia Murphy filed a complaint against Allan Overy, seeking damages on claims of assault and battery, invasion of privacy, and the tort of outrage. Cynthia Murphy's husband, David Murphy, also sued Overy in the same case; he sought damages for an alleged loss of consortium. The case proceeded to a jury trial. The jury returned a verdict in favor of Cynthia Murphy on her claims against Overy; it awarded her $100 in compensatory damages and $10,000 in punitive damages. The jury returned a verdict in favor of David Murphy on his claim for loss of consortium, but it awarded him no damages.
On December 8, 2000, the trial court entered a judgment on the jury's verdict on the case action summary. A notation on the case action summary indicates that the judgment was "filed December 20, 2000"; based on other entries on the case action summary, we understand this notation to mean that the judgment was filed in the clerk's office on December 20, 2000. On January 9, 2001, Overy filed a postjudgment motion; the trial court denied that motion on January 16, 2001. On February 28, 2001, Overy appealed.
Although neither party has addressed the issue, this court must determine whether it has jurisdiction over this appeal. Jurisdictional matters are of such importance that a court may take notice of them ex mero motu.Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala.Civ.App. 1998). "The timely filing of a notice of appeal is a jurisdictional act." Rudd v. Rudd,467 So.2d 964, 965 (Ala.Civ.App. 1985). The date on which the trial court's judgment was actually rendered determines the timeliness of this appeal.
A trial court may "render" a judgment by making a notation on the case action summary, and such a notation constitutes the "entry" of the trial court's judgment. See Rule 58(a) and (c), Ala.R.Civ.P. In Smith v.Jackson, 770 So.2d 1068 (Ala. 2000), our supreme court addressed the rendition of judgments on case action summaries:
"This Court has recently explained:
 "Pursuant to Rule 58(c), Ala.R.Civ.P., `[n]otation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order.' `Rule 58 . . . obliterate[s] any distinction between [the ministerial act of] entry and [the judicial act] of rendition of judgment and . . . make[s] the operative event the act of the judge.' 2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 58.2, at 255 (3d ed. 1996). However, when a judge renders a judgment by a separate written order, that judgment is not entered until it is filed in the clerk's office. See Lacks v. Stribling, 406 So.2d 926, 930 (Ala.Civ.App.), cert. denied, 406 So.2d 932 (Ala. 1981). Thus, although under Rule 58(c), rendition and entry of judgment occur simultaneously when the trial judge notes the judgment on the case action summary sheet or on separately maintained bench notes, see Rule 58, Ala.R.Civ.P., Committee Comments on 1973 Adoption, the Rule nevertheless preserves the distinction between rendition and entry of judgment when the trial judge renders judgment `by executing a *Page 806 
separate written document,' Rule 58(a), Ala.R.Civ.P."
770 So.2d at 1071-72 (emphasis added). See also Doe v. Markham,776 So.2d 757, 760-61 (Ala. 2000).
In this case, the trial court noted and signed its judgment on the case action summary on December 8, 2000. See also Asam v. City of Tuscaloosa,585 So.2d 60 (Ala.Civ.App. 1991). Therefore, we conclude that the December 8, 2000, entry on the case action summary constituted the entry of the trial court's judgment. Doe v. Markham, supra. See also Harris v.MedStar, Inc., 790 So.2d 256 (Ala. 2001). Overy filed his postjudgment motion on January 9, 2001, beyond the 30 days allowed by Rule 59, Ala.R.Civ.P., for the filing of a postjudgment motion. Thus, Overy's postjudgment motion was untimely and did not work to extend the time for taking an appeal from the trial court's December 8, 2000, judgment.[1]
Overy filed his notice of appeal on February 28, 2001, well beyond the 42 days from the entry of judgment allowed by Rule 4(a), Ala.R.App.P.
While we are not unsympathetic to pro se litigants such as Overy, a pro se litigant must nonetheless comply with legal procedure and court rules. Jones v. Seibert, 624 So.2d 639 (Ala.Civ.App. 1993). "[T]he operation of the courts of this state is governed by rules which are no more forgiving to a pro se litigant than to one represented by counsel."Black v. Allen, 587 So.2d 349, 349 (Ala.Civ.App. 1991). See also Lockettv. A.L. Sandlin Lumber Co., 588 So.2d 889 (Ala.Civ.App. 1991).
We conclude that this appeal is untimely and, therefore, that it is due to be dismissed.
DISMISSED.
Yates, P.J., and Crawley, Pittman, and Murdock, JJ., concur.
[1] Assuming that Overy's January 9, 2001, motion had been timely, we note that the 42d day from the January 16, 2001, order purporting to deny that "postjudgment motion" was February 27, 2001. See Rule 4(a), Ala.R.App.P. February 27, 2001, was the legal holiday for Mardis Gras in Baldwin County. Therefore, had the January 9, 2001, "postjudgment motion" been timely, Overy's last day to appeal from the denial of that "motion" would have been February 28, 2001.