823 So.2d 632 (2001)
ALLSTATE INSURANCE COMPANY
v.
COASTAL YACHT SERVICES, INC.
1001984.
Supreme Court of Alabama.
December 14, 2001.
*633 Charles F. Beall, Jr., of Moore, Hill & Westmoreland, P.A., Pensacola, Florida, for appellant.
Daniel G. Blackburn and Cynthia J. Sherman of Blackburn & Conner, P.C., Bay Minette, for appellee.
LYONS, Justice.
Allstate Insurance Company (hereinafter "Allstate") sued Coastal Yacht Services, Inc. (hereinafter "Coastal Yacht"), to recover damages paid to Allstate's insured after a boat owned by the insured sank while in the custody of Coastal Yacht. The boat was pulled out of the water and, one month later, Allstate sold it. This action was filed almost two years after the boat was sold. After conducting limited discovery and before any depositions were taken, Coastal Yacht moved to dismiss the action as a discovery sanction against Allstate, charging Allstate with spoliation of evidence.
The trial court granted Coastal Yacht's motion to dismiss. On the case action summary, next to the date of May 22, 2001, the trial judge wrote, "[Defendant's] Motion to Dismiss is granted" and signed his name on the right-hand side of the next line below that entry. To the right of the judge's notation and signature, there appears the notation "filed 5/23/01," accompanied by initials, apparently of an employee of the clerk's office. On the next line, next to the date of May 24, 2001, there appears the notation "Notices Mailed." The notice states, "052201 DEFENDANT'S MOTION TO DISMISS IS GRANTED." Beneath this statement appears the following: "ISSUED ON: 05/24/2001 JUDGE: ROBERT WILTERS."
Allstate filed its notice of appeal on July 5, 2001. Allstate's appeal is timely if the action from which the appeal is taken occurred on May 23, 2001, or later, but it is untimely if the action occurred on May 22, 2001. Coastal Yacht filed a motion in this Court to dismiss the appeal; we grant the motion.
Rule 4(a)(1), Ala. R.App. P., provides that the notice of appeal "shall be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from." Failure to file a timely notice of appeal is a jurisdictional defect. Buchanan v. Young, 534 So.2d 263 (Ala.1988). Rule 58(c), Ala. R. Civ. P., provides, "Notation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order."
This Court reviewed the effect of Rule 58 in Smith v. Jackson, 770 So.2d 1068 (Ala.2000). In that case, we stated:
"Pursuant to Rule 58(c), Ala. R. Civ. P., `[n]otation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order.' `Rule 58 ... obliterate[s] any distinction between [the ministerial act of] entry and [the judicial act] of rendition of judgment and ... make[s] the operative event the act of the judge.' 2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 58.2, at 255 (3d ed.1996). However, when a judge renders a judgment by a separate written order, that judgment is not entered until it is filed in the clerk's office. See Lacks v. Stribling, 406 So.2d 926, 930 (Ala.Civ. App.), cert. denied, 406 So.2d 932 (Ala. 1981). Thus, although under Rule 58(c), rendition and entry of judgment occur simultaneously when the trial judge notes the judgment on the case action *634 summary sheet or on separately maintained bench notes, see Rule 58, Ala. R. Civ. P., Committee Comments on 1973 Adoption, the Rule nevertheless preserves the distinction between rendition and entry of judgment when the trial judge renders judgment `by executing a separate written document,' Rule 58(a), Ala. R. Civ. P. In this case, the trial judge rendered his judgment on the jury verdicts by executing two separate orders. Therefore, the judgment against the defendants was not entered until the two orders were filed in the clerk's office on January 12, 1999. Accordingly, the notice of appeal was timely."
770 So.2d at 1071-72 (emphasis added).
The trial court in this case never entered a separate judgment or order in this proceeding. Instead, the trial court noted the judgment in the civil docket or on the case action summary. By the express terms of Rule 58(c), the action of the trial court constituted entry of the judgment. It is undisputed that the action of the trial court constituting entry of the judgment occurred on May 22, 2001.
Allstate relies upon Ex parte Potts, 814 So.2d 836 (Ala.2001), in which this Court rejected a challenge to the timeliness of the filing of the notice of appeal. In holding that the appeal was timely, this Court stated:
"Although the trial court's order is dated August 25, 1998 (44 days before Potts filed his notice of appeal), the order was not stamped `filed' until August 27, 1998 (42 days before the notice of appeal was filed). Rule 4(a)(1), Ala. R.App. P., requires that a notice of appeal `be filed with the clerk of the trial court within 42 days (6 weeks) of the date of the entry of the judgment or order appealed from.' This Court has held that the date of entry by the clerk, rather than the date the judgment is rendered, should be used when computing the time within which the notice of appeal must be filed. Holmes v. Powell, 363 So.2d 760 (Ala.1978)."
814 So.2d at 838 n. 1 (emphasis added).
Because the trial court's separate order in Potts was stamped "filed" two days after the judge signed the order, the date of entry of the judgment was properly determined by reference to filing. As this Court reiterated in Smith v. Jackson, supra, Rule 58(c) treats the date of filing "of a separate judgment or order" as the date of entry. Holmes v. Powell, 363 So.2d 760 (Ala.1978), cited in Potts, recognized the materiality of the date of filing with the clerk but, again, that statement in Holmes was made in the context of a separate order not previously noted on the case action summary. In Holmes, this Court stated:
"Filing the judgment or order in the office of the clerk (or register) or compliance otherwise under Rule 58(c), [Ala. R. Civ. P.,] constitutes `entry of the judgment' for purposes of computing the time within which notice of appeal must be filed."
363 So.2d at 761 (emphasis added).
Because Holmes expressly acknowledges the existence of other methods of effectuating an entry of a judgment in Rule 58(c)such as notation on the civil docket (case action summary)that do not include filing, Holmes does not, as Allstate urges, stand for the proposition that the date a judgment is filed in the clerk's office is always the critical date for computing the time for filing a notice of appeal.
Allstate also argues that it was entitled to rely on information the clerk provided to it in the notice mailed by the clerk's office. Allstate relies on Sparks v. Alabama Power Co., 679 So.2d 678 (Ala.1996).
*635 In Sparks, the trial court entered an order denying Sparks's motion for a new trial, but the clerk's office never mailed a copy of the order to Sparks. In addition, although the case action summary sheet bore a notation that the trial court had denied the motion for a new trial, the computerized records in the clerk's office did not so indicate. Sparks's counsel checked the computerized records in the clerk's office regularly during the 90 days after filing the motion for a new trial, and then filed her notice of appeal on the assumption that her motion for a new trial had been denied by operation of law pursuant to Rule 59.1, Ala. R. Civ. P. Alabama Power Company then moved to dismiss Sparks's appeal as untimely. This Court held that it was reasonable, given the facts of that case, to allow Sparks to rely on the information supplied to her by the clerk's office indicating that the trial court had not ruled on her motion for a new trial.
"[W]here there is a material discrepancy between the information contained on the formal case action summary sheet in a case and the information contained in the circuit clerk's computerized docket, a litigant should not be penalized [for] relying in good faith on the information contained in either `document.'"
679 So.2d at 681.
Allstate, however, cannot rely on Sparks because, unlike the litigant in Sparks, Allstate was provided the correct information by the clerk's officeinformation that would have allowed it to properly calculate the time within which it should have appealed. The notice sent by the clerk's office clearly stated that on May 22 the trial court had granted Coastal Yacht's motion to dismiss the complaint. The notice also bore the notation "ISSUED ON: 05/24/2001." Allstate argues in its brief that by that notation, the clerk's office "indicated an (apparently) incorrect date for entry of the judgment." We disagree. The only notation on the case action summary sheet for May 24 is the notation that notices were mailed to the attorneys in the case; therefore, it is likely that the notation "issued on" meant merely that the notice was issued on May 24. Rule 58 distinguishes judgments' being entered and being rendered, but does not discuss a judgment's being "issued." In any event, because there is no material discrepancy between the information contained in the notice mailed to the parties concerning the entry of the judgment on May 22 and the information contained on the case action summary sheet, this case is distinguishable from Sparks.
Coastal Yacht's motion to dismiss the appeal as untimely is granted.
APPEAL DISMISSED.
MOORE, C.J., and HOUSTON and WOODALL, JJ., concur.
JOHNSTONE, J., concurs specially.
JOHNSTONE, Justice (concurring specially).
With regret, I concur entirely. The scholarly main opinion is true to our rules and our caselaw; but, in the fact situation presented by this case, our rules and caselaw are unfair.
In this case, the trial judge heard the motion to dismiss and took it under submission on May 22, 2001. Later that same day, in his courtroom or chambers, but outside the presence of the parties, he entered and dated his order granting the motion to dismiss directly on the case action summary, as is legal, efficient, fair, and common. While apparently the trial judge did not deliver the case action summary bearing the order to the office of the circuit clerk until the next day, May 23, when the clerk noted and dated the filing of the order, this delivery was prompt, *636 indeed more prompt than is common. What is not fair is that our rules started the running of Allstate's appeal time as soon as the trial judge wrote it on the case action summary on May 22 in his courtroom or chambers, when and where, as a practical matter, it was inaccessible to Allstate. In this fact situation, the fairer rule would be to start the appeal time only when the order was filed in the office of the clerk on May 23, where and when it was accessible to Allstate. While the unfair encroachment into Allstate's appeal time was only one day of a total of 42 days, this little encroachment has made Allstate a little bit pregnant.
The topic of the potential for precisely this same unfairness came before this Court in Harris v. MedStar, Inc., 790 So.2d 256, 256-57 (Ala.2001) (Johnstone, J., concurring specially). I reiterate now what I said then:
"The dismissal of this appeal stands for the proposition that Rule 4(a)(3), Ala. R.App. P., and Rule 58(c), Ala. R. Civ. P., together, mean for an appellant's appeal time to be counted from the date a trial judge writes an appealable judgment or order directly onto a case action summary, even though the clerk of the court may not receive that case action summary bearing that order or judgment until some days or longer afterwards. In this particular case, the case action summary bears both datesthe date when the trial judge wrote the appealable order, and the date two days later when the court clerk received the case action summary from the trial judge. Had the appellant's appeal time been counted from the date the clerk received the case action summary, the appeal would have been timely. However, as the appeal time was counted from the two-day-earlier date when the trial judge wrote the appealable order directly onto the case action summary, the appeal was untimely.
"In this particular case, neither party has told us whether or not the trial judge announced his ruling to the parties in open court as he wrote it on the case action summary, as judges frequently do. Thus, for aught that appears to us in this particular case, this appellant may have known about the adverse ruling for the entire 42-day appeal time beginning after that date.
"I recommend, however, that the Committee on the Rules of Civil Procedure appointed by this Court study Rule 58(c), Ala. R. Civ. P., and initiate revisions that will eliminate the potential for injustice present in the current text of the rule as interpreted by this Court in this case. Consistently with the rationale of our dismissal of this appeal, Rule 58(c), in conjunction with Rule 4(a)(3), Ala. R.App. P., can be interpreted to mean that the appeal time is counted from the date when the judge writes the order or judgment on the case action summary even if the case action summary never reaches the clerk's office and the prospective appellant does not receive notice until after the appeal time has expired. Today's dismissal of this appeal does not differentiate between judgments or orders announced and entered in open court and those entered not in open court, perhaps in the judge's chambers or some other place, outside the presence of the parties, and without announcement to the parties, while the matter is under submission.
"Rule 77(d), Ala. R. Civ. P., and our recent harsh case of Miller v. Amerada Hess Corp., 786 So.2d 1106 (Ala. 2000)(the clerk's failure to give notice does not toll appeal time), stand for the proposition that parties or their counsel must proactively monitor the clerk's office for any assurance of notice of rulings *637 by the court. Likewise, § 12-17-94 and § 12-17-161, Ala.Code 1975, establishing the duties of circuit clerks and district clerks respectively, constitute the clerks' offices as the proper sites for such monitoring. The offices of the individual judges are not practical sites for such monitoring. Parties, lawyers, paralegals, secretaries, and runners are not officially welcome to inspect documents in the judges' offices, which are not the official repositories of final orders and judgments. While many a judge is patient enough and cooperative enough to entertain inquiries about particular rulings, each judge generally has enough cases on submission, and likewise every lawyer commonly has enough cases under submission, that a requirement that litigants or their lawyers must monitor not only the clerk's office but also the individual judges' offices will, in many circuits, mean that conscientious lawyers will spend the better part of at least a day every week trying to learn whether any adverse rulings have been entered, and each judge and his staff will spend a considerable part of every day trying to answer inquiries, in what is doomed to be a hit-and-miss way of getting or giving the fair notice of rulings that courts really owe.
"I suggest that Rule 58(c) be amended to provide that, when a judge announces his ruling to the parties and writes it directly on the case action summary contemporaneously on the same day, the losing party's time for appeal or other response will be counted from that day, but, if the judge does not announce the ruling to the parties (including the losing party) when the judge writes the ruling on the case action summary, then the losing party's time for appeal or other response will be counted from the date the clerk receives the case action summary from the judge. A judge can more easily deliver a case action summary promptly to the court clerk than a lawyer can extract timely notice from the judge's office in circuits with multiple judges, many lawyers, and many cases under submission."
790 So.2d at 256-57.