[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 830 
Kristy Larkin Rollins ("the mother") and William Ernest Rollins ("the father") were divorced by a judgment entered by the Coffee Circuit Court on December 30, 2002. The father subsequently filed a petition for a rule nisi to collect child support ordered to be paid by the mother. The mother filed a motion for relief from the divorce judgment on the ground that it was void; the trial court denied that motion. The trial court thereafter entered a judgment in favor of the father on his petition for a rule nisi. Asserting the same grounds as were asserted in her motion for relief, the mother now appeals from the judgment of the trial court granting the father's petition for a rule nisi. We affirm.
The history of this case is as follows: The father filed an action seeking a divorce on April 27, 2000, together with a motion for pendente lite custody of the parties' child. The father was granted pendente lite custody of the child, who was then three years old. The divorce trial began on July 24, 2000, before Judge Gary L. McAliley, and it was continued until September 2000. At the completion of the trial, Judge McAliley took the case "under advisement," but he allowed the father to retain pendente lite custody of the child.
For reasons not apparent from the record, Judge McAliley did not render a judgment for more than two years. In February 2002, the mother filed a motion requesting the issuance of a divorce judgment. In June 2002, the mother filed a "motion for custody pending final decree." On June 5, 2002, the latter motion was denied by an order that also stated that the court expected to enter a final judgment within 20 days.
A judgment of divorce was signed by Judge McAliley on Saturday, December 21, 2002. That judgment was not entered by the clerk until December 30, 2002. The judgment divorced the parties, divided the marital property, granted custody of the parties' minor child to the father, and ordered the mother to pay child support.
On Monday, December 23, 2002, Judge McAliley was sworn into office as District Attorney of the Twelfth Judicial Circuit. The record contains a copy of Gary McAliley's oath of office as district attorney, which bears that date and which was filed in the office of the judge of probate on that date. There is a suggestion in the record that Judge McAliley resigned effective December 22, 2002, but there is no evidence to this effect.[1] At the latest, however, Judge McAliley ceased to be a circuit judge when he took office as district attorney. SeeState ex rel. Van Antwerp v. Hogan, 283 Ala. 445, 453,218 So.2d 258, 265-66 (1969). On December 30, 2002, at which point Judge McAliley no longer held office as a circuit judge, the judgment was filed in the office of the circuit clerk of Coffee County.
The mother did not file any postjudgment motions in response to the entry of the divorce judgment, and she did not appeal from the judgment.
On April 7, 2003, the father filed a petition for a rule nisi, seeking to collect child support ordered to be paid by the mother. On September 17, 2003, a hearing was held before Judge Thomas E. Head III concerning the father's petition for a rule nisi. *Page 831 
The trial court heard oral testimony from the father and received documentary evidence concerning the amount of unpaid child support. The mother was not present at the hearing, but her attorney presented documentary evidence relating to child support.
The mother's attorney also filed, in open court, a motion for relief from the divorce judgment.[2] The substance of this motion was that the judgment was void because Gary McAliley was no longer a circuit judge when the judgment was entered. Attached to the mother's motion were copies of the judgment, the pleadings and orders in the original divorce action, and Judge McAliley's oath of office as district attorney. Except for the copies of the oath of office and the judgment itself, no evidence was presented concerning Judge McAliley's resignation as a circuit judge or the circumstances attendant to the gap in time between Judge McAliley's signing the judgment on December 21 and its entry on December 30.[3] In particular, other than the facts that the judgment was signed on December 21 and that it was entered on December 30, the record contains no evidence as to whether or when Judge McAliley may have authorized the entry of the judgment or its delivery to the clerk for entry.
At the September 17, 2003, hearing, Judge Head denied the mother's motion for relief from the divorce judgment; following the hearing, Judge Head entered a judgment granting the father's petition for a rule nisi. In so doing, Judge Head found the December 21, 2002, divorce judgment to have been validly entered. Although the court determined that the mother was not in contempt of court for her failure to fulfill her child-support obligation, it awarded the father a judgment for a child-support arrearage in the amount of $1,304.56, plus interest and costs.
As noted, the mother has appealed from Judge Head's September 17, 2003, judgment. She contests Judge Head's ruling on her motion for relief from the divorce judgment, contending that the divorce judgment was not validly entered on December 30, 2002.
 "`The standard of review on appeal from the denial of relief under Rule 60(b)(4) [Ala. R. Civ. P.] is not whether there has been an abuse of discretion. When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.'"
Ex parte Third Generation, Inc., 855 So.2d 489, 491-92 (Ala. 2003) (quoting Satterfield v. Winston Indus., Inc.,553 So.2d 61, 64 (Ala. 1989)) (emphasis omitted).
The issue presented is the effect of Judge McAliley's leaving office before the entry on December 30, 2002, of the divorce judgment. To determine the validity of that judgment, we must consider the process of rendering and entering judgments under Rule 58, Ala. R. Civ. P.
Rule 58 provides, in part:
 "(a) Rendition of Judgments and Orders. A judge may render an order or *Page 832 
judgment: (1) by notation thereof upon bench notes without any other or further written document or (2) by executing a separate written document, or (3) by including the order or judgment in the opinion or memorandum, or (4) by simply appending to the opinion or memorandum or including therein direction as to the order or judgment sought to be entered.
". . . .
 "(c) Entry of Judgment or Order. Upon rendition of a judgment or order as provided in subdivision (a) of this rule, unless it contains a specific direction otherwise or is subject to the provisions of Rule 54(b), the clerk shall note such judgment or order forthwith in the civil docket if separately maintained. Notation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order. The entry of the judgment or order shall not be delayed for the taxing of costs."
The parties have not cited any Alabama cases, and we have found none, considering whether a judgment fails to become effective if it is not entered until after the judge who rendered it has left office. The Committee Comments on the 1973 Adoption of Rule 58, Ala. R. Civ. P., however, include the following statements:
 "Both under prior Alabama practice and the federal rules, the terms `rendition' and `entry' signify two entirely distinct events in theory, though in practice the two events may take place within such a short space of time as to make it unnecessary to distinguish between them. `Rendition' is the judicial pronouncement of the judgment or decree, the utterance by the judge of his decision, while `entry' of the judgment is the ministerial act of the clerk in recording the judgment duly rendered by the judge.
". . . .
 "Subdivision (c) requires the clerk to note a judgment or order in the Civil Docket forthwith upon its rendition. The notation of the judgment is not to be delayed unless the judgment or order itself contains a specific direction to delay entry or the case is subject to Rule 54(b). . . . A judgment is effective at the time of its notation in the civil docket or its notation on separately maintained bench notes or upon the filing of a separate judgment or order."
Thus, even though a judgment may have been rendered by the trial judge, the judgment is not effective until it is entered. Despite language in Rule 58(c) that could be construed as providing that the entry of a judgment, regardless of the manner of its rendition, occurs when the clerk notes the judgment in the civil docket, it is well established that, when the manner of rendition is by a separate written document, a judgment is not entered until that separate written document is filed in the clerk's office. As our Supreme Court reiterated in AllstateInsurance Co. v. Coastal Yacht Services, Inc., 823 So.2d 632
(Ala. 2001):
 "`Pursuant to Rule 58(c), Ala. R. Civ. P., "[n]otation of a judgment or order on separately maintained bench notes or in the civil docket or the filing of a separate judgment or order constitutes the entry of the judgment or order." "Rule 58 . . . obliterate[s] any distinction between [the ministerial act of] entry and [the judicial act] of rendition of judgment and . . . make[s] the operative event the act of the judge." 2 Champ Lyons, Jr., Alabama Rules of Civil Procedure Annotated, § 58.2, at 255 (3d ed. 1996). However, when a judge renders a judgment by a separate written order, that judgment is not entered until it is filed in the clerk's office. See Lacks *Page 833 v. Stribling, 406 So.2d 926, 930 (Ala.Civ.App.), cert. denied, 406 So.2d 932 (Ala. 1981). Thus, although under Rule 58(c), rendition and entry of judgment occur simultaneously when the trial judge notes the judgment on the case action summary sheet or on separately maintained bench notes, see Rule 58, Ala. R. Civ. P., Committee Comments on 1973 Adoption, the Rule nevertheless preserves the distinction between rendition and entry of judgment when the trial judge renders judgment "by executing a separate written document," Rule 58(a), Ala. R. Civ. P.'"
823 So.2d at 633-34 (quoting Smith v. Jackson, 770 So.2d 1068,1071-72 (Ala. 2000)) (emphasis omitted). See also, e.g.,Phillips v. Randolph, 828 So.2d 269, 272 n. 1 (Ala. 2002); Doev. Markham, 776 So.2d 757 (Ala. 2000). As this court has held, when a judgment is rendered by the trial judge's signing a separate written document, the rendition of that judgment "is not the act of significance that gives the judgment effect; thefiling of that separate written judgment with the circuit clerk renders [the] judgment effective." Watson v. Watson,696 So.2d 1071, 1075 (Ala.Civ.App. 1996).
When a trial judge both places and signs a written order or judgment directly upon the civil docket, he simultaneously demonstrates his intent both to render that order or judgment and have it become final and effective. Cochran v. Wood,504 So.2d 297, 298 (Ala.Civ.App. 1986) (explaining that the entry of a signed order by the judge on a civil docket or a case action summary sheet evidences not just the substance of the adjudication, but also the court's intention to adjudicate). It is in this circumstance that Rule 58(c) obliterates the distinction between the rendering and the entry of a judgment.See Allstate, 823 So.2d at 633 (quoting 2 Champ Lyons, Jr.,Alabama Rules of Civil Procedure Annotated § 58.2, at 255 (3d ed. 1996)).
The mere signing of a separate written order or judgment, however, is not enough to make that order or judgment effective. Unlike signing a civil docket sheet, one additional act by thetrial judge is necessary to demonstrate the judge's intent to finalize and make effective a separate written order or judgment. Specifically, the trial judge must authorize the separate written order or judgment to be filed with the clerk or register, which typically will be accomplished simply by the delivery of the separate written order or judgment to the clerk with the intent that it be entered. It is at that point that the ministerial duty of the clerk under Rule 58 is triggered, and the clerk becomes obligated promptly to enter the order or judgment. Until that point, however, the written order or judgment, itself, much like an undelivered deed to real property, remains within the control of the signer and that signer, the judge, is free to alter it, postpone its entry, or decide not to cause it to be entered at all. As this court noted in Lacks v. Stribling, 406 So.2d 926,930 (Ala.Civ.App. 1981), "[a] separate judgment may be signed by the trial judge, but it is not effective until he authorizesthat it be filed with the clerk or register, even if the filing date is several days, weeks or even months later than the date reflected on the judgment." (Emphasis added.) We further note that because the judicial authority required to authorize the entry of a judgment is held by and may be exercised by a trial judge by virtue of holding his or her office as a judge, that authority ends when the office is vacated. See 46 Am.Jur.2dJudgments § 126 (1994); 48A C.J.S. Judges § 153 (2004).
In cases in which the record demonstrates that, before vacating office, the trial judge authorized the entry of a judgment, but the clerk of the court merely delayed in fulfilling his or her duty to do so until after the trial judge left office, "[t]he actual entry of the judgment by the *Page 834 
clerk [as] a ministerial function [would] not affect the validity of the judgment." Cirro Wrecking Co. v. Roppolo, 153 Ill.2d 6,16, 605 N.E.2d 544, 550, 178 Ill.Dec. 750, 756 (1992). However, in cases in which the trial judge signs a judgment but fails to authorize its entry before vacating his office, it would not be within the authority of the clerk to authorize the entry of the judgment, and the judgment would be void. "The actual entry of an order or judgment is an act requiring judicial authority." 46 Am.Jur.2d Judgments § 126 (footnote omitted). See also Ward v.Lupinacci, 111 Idaho 40, 43, 720 P.2d 223, 226 (Ct.App. 1986) (noting that it is "the province and the responsibility of the judge to ascertain that the judgment is timely entered"). Thus, "where the trial judge `requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed' with the clerk. . . . Until thattime, the judgment remains pending and subject to the trialjudge's revision." Cirro Wrecking Co. v. Roppolo,153 Ill.2d at 16, 605 N.E.2d at 550, 178 Ill.Dec. at 756 (emphasis added).
The court in Cirro cited State v. Dowdell, 55 Md.App. 512,464 A.2d 1089 (1983). We find the discussion in that case particularly instructive:
 "The mere signing of an order does not make it final. An order does not become final until it is delivered to the clerk of the court for filing. . . .
 "We stress that the order must be delivered to the clerk before it becomes final. There are at least two reasons for that conclusion: 1) while it is still in the judge's possession, irrespective of whether it has been signed, it is at best a proposed order subject to change along with the judge's thought process; and 2) the parties to the proceeding are unable to calculate the time frame for appeal until the order is filed, so that permitting the order to be effective when signed as distinguished from when filed would allow a judge to frustrate the right to appeal by simply withholding filing until the time for appeal has expired or is so close to expiration that for practical, mechanical purposes it is tantamount to expiration.
 "The delivery of the findings of fact and order thereon to the clerk of the court for entry of judgment is the final act in the decision rendering process. . . . It is not, however, the duty of the judge to see to it that the clerk actually performs the necessary ministerial act of recording the order in the docket of the court. The judge's duty ceases upon the delivery by him or her to the clerk of the court or to the person as is designated by the clerk to receive such documents.
 "In the instant case Judge Murphy signed the proposed order on May 4, 1983, but obviously did not cause the order to be delivered to the clerk on that day. When the order was received by the clerk eight days later, the judge was no longer in office. On May 12, 1983, former Judge Murphy had no power or authority either to file his decision himself or to authorize someone else to file it for him. Once a judge has retired, resigned, or otherwise vacated office, he or she is divested of all authority to perform any judicial function, even ministerial ones."
State v. Dowdell, 55 Md.App. at 514-15, 464 A.2d at 1090-91
(footnotes omitted). See also 48A C.J.S. Judges § 156 (2004);see generally State v. Vaughan, 343 Ark. 293, 33 S.W.3d 512
(2000).
The unauthorized entry of a judgment renders the judgment void.See 46 Am.Jur. Judgments § 126 (citing Ruehl v. MaxwellSteel Co., 327 Pa.Super. 39, 474 A.2d 1162 (1984) (discussing unauthorized entry of a judgment by a prothonotary)). *Page 835 
A judgment must be stricken without regard to the passage of time if its defectiveness is apparent on the face of the record. Id.
(citing Jones v. Seymour, 321 Pa.Super. 32, 467 A.2d 878 (1983) (discussing unauthorized entry of a judgment)). Cf. McLeod v.Home Pattern Co., 20 Ala.App. 430, 431, 102 So. 597, 597 (1925) ("It appearing upon the face of the record that the judgment entered August 25, 1924, was entered after the adjournment of court at which the case was tried, and at a time when the court had lost control of its judgments rendered at the preceding term, the act of entering said judgment was without authority of law and the judgment is void.").
The parties' divorce judgment in this case was entered by the clerk on December 30, 2002, nine days after Judge McAliley signed the order on December 21, 2002. This nine-day period included several weekend days and the Christmas holidays. The mother presented no evidence to support the proposition that Judge McAliley did not authorize entry of the judgment before vacating his office. Nor is the defectiveness of the entry of the judgment apparent from the face of the record before us. The mother, as the appellant in the case before us, therefore has not met her burden of demonstrating error on the part of Judge Head in denying her motion for relief from the divorce judgment. Accordingly, Judge Head's judgment granting the father's petition for rule nisi is due to be affirmed.
The father's request for the award of an attorney fee on appeal is denied.
AFFIRMED.
YATES, P.J., and CRAWLEY, THOMPSON, and PITTMAN, JJ., concur.
[1] Judge Thomas E. Head III stated on the record that he "believed the effective date of [Judge McAliley's] resignation was December 22, 2002."
[2] The document filed by the mother was entitled "Motion to Dismiss and Motion for New Trial." However, the mother's motion was in reality a motion for relief from a judgment under Rule 60(b)(4), Ala. R. Civ. P., and was treated as such by the parties and by the trial court. See Ex parte Third Generation, Inc.,855 So.2d 489, 490 n. 2 (Ala. 2003).
[3] Judge Head could have taken judicial notice of the intervening weekend days and the Christmas holiday.