THOMAS, Judge.
Leslie R. Gilliam (“the wife”) and Dennis Gilliam (“the husband”) were divorced by a judgment entered by the Talladega Circuit Court on January 20, 2009. The wife subsequently filed a postjudgment motion, pursuant to Rule 59(e), Ala. R. Civ. P. In her postjudgment motion, the wife made various arguments, including that the trial court failed to comply with the requirements of Rule 32, Ala. R. Jud. Admin., in its computation of child support. The wife also requested a hearing on her post-judgment motion. The trial court did not hold a hearing on the wife’s postjudgment motion, and the motion was denied by operation of law.
The wife also filed a motion for relief from judgment, pursuant to Rule 60(b)(4), Ala. R. Civ. P., alleging that the judgment was void. In her Rule 60(b) motion, the wife alleged that Judge Tommy R. Dob-son, the judge who had presided over the divorce hearing, had lacked the authority to enter the final judgment because, she argued, Judge Dobson’s term of office had ended before the clerk had entered the judgment into the State Judicial Information System (“SJIS”). The wife also alleged that Judge Dobson had filed the final judgment with the clerk on a legal holiday,[1] a day the wife alleges the clerk’s office was not open for business. Therefore, the wife argued, Judge Dobson could not have filed the final judgment until the following day, by which time his term of office had ended. The trial court denied the wife’s Rule 60(b) motion, determining that Judge Dobson had rendered the order before the expiration of his term of office and that the clerk’s entry of the judgment was a ministerial act that could be performed by the clerk after Judge Dobson’s term of office had ended.
The wife separately appealed the trial court’s denial of her postjudgment motion (case number 2080856) and its denial of her Rule 60(b) motion (case number 2081119) to this court. On the wife’s motion, this court consolidated the two appeals.
The wife argues that the trial court erred in denying her Rule 60(b) motion because, she argues, Judge Dobson’s term of office had ended before the judg *618 ment was entered into the SJIS. This court applies a de novo standard of review to a trial court’s ruling on a Rule 60(b)(4) motion.
“‘“When the grant or denial of relief turns on the validity of the judgment, as under Rule 60(b)(4), discretion has no place. If the judgment is valid, it must stand; if it is void, it must be set aside. A judgment is void only if the court rendering it lacked jurisdiction of the subject matter or of the parties, or if it acted in a manner inconsistent with due process.” ’ ”
Russell Coal Co. v. Smith, 845 So.2d 781, 783 (Ala.2002)(quoting Northbrook Indem. Co. v. Westgate, Ltd., 769 So.2d 890, 898 (Ala.2000) (quoting in turn Insurance Mqmt. & Admin., Inc. v. Palomar Ins. Corp., 590 So.2d 209, 212 (Ala.1991))).
The rendering and the entering of a judgment are two separate acts. Rule 58, Ala. R. Civ. P., provides, in pertinent part:
“(a) Rendition of Orders and Judgments. A judge may render an order or a judgment: (1) by executing a separate written document....
[[Image here]]
“(c) Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a)(l-4) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.”
A judgment, although it has been rendered, is not considered effective until it has been entered within the meaning of Rule 58(c).
In Rollins v. Rollins, 903 So.2d 828 (Ala.Civ.App.2004), this court addressed the validity of a judgment when the trial-court judge vacated his office after the judge had rendered the judgment but before the clerk had entered the judgment. In Rollins, the trial-court judge had rendered a judgment by separate written order. Two days after rendering the judgment, the trial-court judge vacated his office. The record in that case did not contain any information regarding when the judgment had been filed with the clerk. The clerk did not enter the judgment until seven days after the trial-court judge had vacated his office. This court explained: *619 Rollins, 903 So.2d at 833. Thus, when a trial-court judge renders a judgment by separate written order before vacating office, the operative act that must be completed before the judge vacates his or her office is the filing of the judgment with the clerk. As we further noted in Rollins:
*618 “The mere signing of a separate written order or judgment ... is not enough to make that order or judgment effective .... [O]ne additional act by the trial judge is necessary to demonstrate the judge’s intent to finalize and make effective a separate written order or judgment. Specifically, the trial judge must authorize the separate written order or judgment to be filed with the clerk or register, which typically will be accomplished simply by the delivery of the separate written order or judgment to the clerk with the intent that it be entered. It is at that point that the ministerial duty of the clerk under Rule 58 is triggered, and the clerk becomes obligated promptly to enter the order or judgment. Until that point, however, the written order or judgment, itself, much like an undelivered deed to real property, remains within the control of the signer and that signer, the judge, is free to alter it, postpone its entry, or decide not to cause it to be entered at all.”
*619 “In cases in which the record demonstrates that, before vacating office, the trial judge authorized the entry of a judgment, but the clerk of the court merely delayed in fulfilling his or her duty to do so until after the trial judge left office, ‘[t]he actual entry of the judgment by the clerk [as] a ministerial function [would] not affect the validity of the judgment.’ Cirro Wrecking Co. v. Roppolo, 153 Ill.2d 6, 16, 605 N.E.2d 544, 550, 178 Ill.Dec. 750, 756 (1992). However, in cases in which the trial judge signs a judgment but fails to authorize its entry before vacating his office, it would not be within the authority of the clerk to authorize the entry of the judgment, and the judgment would be void.”
903 So.2d at 833-34.
In this case, Judge Dobson rendered the judgment by separate written order on January 19, 2009. That same day Judge Dobson filed the judgment with the clerk. Judge Dobson’s term of office then expired at the end of that day. The clerk did not enter the judgment within the meaning of Rule 58(c) until after Judge Dobson had vacated his office. However, because Judge Dobson had authorized the entry of the judgment before he vacated his office by filing the judgment with the clerk, the clerk’s delay in performing the ministerial duty of entering the judgment did not affect the validity of the judgment. See Rollins, 903 So.2d at 833-34.
We also find no merit in the wife’s argument that Judge Dobson could not have filed the judgment with the clerk on January 19, 2009, because that day was a legal holiday. Rule 77(c), Ala. R. Civ. P., provides, in pertinent part:
“The clerk’s office with the clerk or a deputy in attendance shall be open during business hours on all days except Saturdays, Sundays, and legal holidays but a circuit court may provide by order that its clerk’s office shall be open for specified hours on Saturdays or particular legal holidays.”
The wife argues that Rule 77(c) prohibits the clerk’s office from being open on a legal holiday. However, we read the plain language of the rule to specify the days and times when the clerk’s office must be open for business, not when it cannot be open. Moreover, Rule 77(a) provides that “[t]he circuit courts shall be deemed always open for the purpose of filing any pleading or other proper paper....” Thus, Judge Dobson could have filed the judgment with the clerk on January 19, 2009, even though that day was a legal holiday. Therefore, the trial court did not err in denying the wife’s Rule 60(b) motion.
The wife next argues that the trial court erred by failing to grant the wife’s request for a hearing on her postjudgment motion.
“Rule 59(g), Ala. R. Civ. P., provides that post-judgment motions ‘shall not be ruled upon until the parties have had an opportunity to be heard thereon.’ We have said that if a hearing is requested, it must be granted. Staarup v. Staarup, 537 So.2d 56 (Ala.Civ.App.1988). On appeal, however, if an appellate court determines that there is no probable merit to the motion, it may affirm based on the harmless error rule. Walls v. Bank of Prattville, 554 So.2d 381 (Ala.1989).”
*620 Hill v. Hill, 681 So.2d 617, 619 (Ala.Civ.App.1996). We conclude that there is probable merit in at least one of the arguments the wife presented in her post-judgment motion.[2]
The wife argued in her post-judgment motion that the trial court had failed to comply with Rule 32, Ala. R. Jud. Admin. Rule 32(E) provides that “[a] standardized Child-Support Guidelines form (Form CS-42 as appended to this rule) and a Child-Support-Obligation Income Statement/Affidavit form (Form CS-41 as appended to this rule) shall be filed in each action to establish or modify child-support obligations and shall be of record and shall be deemed to be incorporated by reference in the court’s child-support order.” Thus, Rule 32(E) mandates the filing of a standardized Child-Support Guidelines form and a Child-Support-Obligation Income Statement/Affidavit. “Without the child support form and the income statement forms, it is difficult and sometimes impossible for an appellate court to determine from the record if the trial court did or did not correctly apply the guidelines in establishing or modifying child support obligations.” Martin v. Martin, 637 So.2d 901, 902-03 (Ala.Civ.App.1994).
In this case, the record does not contain a Child-Support Guidelines form or a Child-Support-Obligation Income Statement/Affidavit form. Nevertheless, this court has held that “where the record ‘“clearly indicates] that the award comports with the evidence regarding the parties’ incomes’” and that the trial court complied with the guidelines, we need not reverse a child-support order based only on the failure of the parties to submit the required forms.” Rimpf v. Campbell, 853 So.2d 957, 959 (Ala.Civ.App.2002) (quoting Mosley v. Mosley, 747 So.2d 894, 898 (Ala.Civ.App.1999) (quoting in turn Dismukes v. Dorsey, 686 So.2d 298, 301 (Ala.Civ.App.1996))). However, it is not clearly indicated from the evidence on the record in this case that the trial court complied with the child-support guidelines. Although the record does contain information regarding the parties’ income, it lacks evidence regarding the parties’ expenses for health insurance or child care. Indeed, the husband concedes that there is probable merit in the wife’s contention that the trial court’s judgment does not comply with requirements of Rule 32; the husband agrees that the trial court improperly computed the amount of his child-support obligation. Therefore, because it appears that there is probable merit in at least one of the arguments in the wife’s postjudgment motion, the trial court erred by not holding a hearing on the wife’s postjudgment motion.
We affirm the trial court’s denial of the wife’s Rule 60(b) motion. We reverse the trial court’s denial of the wife’s post-judgment motion, and we remand the cause to that court with instructions for the trial court to hold a hearing on the wife’s postjudgment motion.[3]
*621 2080856 — REVERSED AND REMANDED WITH INSTRUCTIONS.
2081119 — AFFIRMED.
THOMPSON, P. J., and PITTMAN, BRYAN, and MOORE, JJ., concur.

. Judge Dobson filed the judgment with the clerk on January 19, 2009. That day was a state holiday commemorating the birthdays of Martin Luther King, Jr., and Robert E. Lee.

. In concluding that the argument has probable merit, we do not hold that the wife’s postjudgment motion should be granted. Rather, we hold only that there is sufficient probable merit to require the trial court to hold a hearing on the wife's motion. Additionally, we express no opinion as to the probable merit of the other arguments the wife raised in her postjudgment motion.

. Because we reverse the denial of the wife’s postjudgment motion and remand the cause for the trial court to hold a hearing on the wife’s postjudgment motion, we pretermit discussion of the remaining arguments in the wife’s appeal in case no. 2080856.