THOMAS, Judge.
M.S. (“the father”) and C.I. (“the mother”) are the parents of twin girls, C.M. and M.M. (“the children”). The children were born on October 5, 2005. The father and the mother were never married to each other. In 2010, this court affirmed the Juvenile Court’s judgment awarding the father custody of the children and awarding the mother supervised visitation. See B.C.M. v. M.B.S. (No. 2090343), 92 So.3d 186 (Ala.Civ.App.2010) (table).
On October 29, 2010, the Jefferson County Department of Human Resources (“DHR”) filed petitions in the Jefferson Juvenile Court (“the juvenile court”) alleging that the children were dependent. The dependency petitions alleged that C.M. had tested positive for an opiate upon her admission to Children’s Hospital (“the hospital”) in Birmingham on July 7, 2010. The father claimed that the mother had given the opiate to C.M. during a scheduled visitation on July 4, 2010. However, the hospital report indicated that the opiate would have had to have been ingested by C.M. after July 4, 2010, when she was in the father’s custody.
After a shelter-care hearing on November 1, 2010, and a second shelter-care hearing on November 8, 2010, the juvenile court rendered an order on November 15, 2010, awarding custody of the children to DHR and awarding the mother and the *536 father supervised visitation. A review hearing was held on March 21, 2011, after which the juvenile court rendered an order on March 23, 2011, continuing DHR’s custody of the children.
The record indicates that on September 7, 2011, the juvenile court rendered an order adjudicating the children dependent. The record does not indicate that an adjudicatory hearing was held. However, the juvenile court’s order indicates that the order was rendered after an “admission of dependency” by both parents. The order was signed by the mother, the father, and their respective legal counsel. The order further required the mother and the father to submit to psychological evaluations and to participate in counseling. The order continued to vest custody of the children with DHR. In addition, both parents were required to pay child support.
A dispositional hearing was held on February 22, 2012. The juvenile court heard evidence ore tenus. The record indicates that the juvenile court rendered an order on February 29, 2012, that, after a three-week transitional period, awarded custody of the children to the mother and awarded supervised visitation to the father. The juvenile court’s order required the mother and the father to submit to psychological evaluations, counseling, and substance-abuse assessments, as determined to be necessary by a therapist. Additionally, the father was required to pay child support to the mother.
The father, acting pro se, filed a purported postjudgment motion on March 6, 2012. In that motion, the father set forth evidence that he felt was not presented at the dispositional hearing; he did not allege any error by the juvenile court or request relief. The juvenile court denied the motion on March 7, 2012. The father filed an appeal to this court on March 20, 2012.
We must first determine whether the father’s notice of appeal has invoked the jurisdiction of this court. It is well settled that “ ‘jurisdictional matters are of such magnitude that [an appellate court] take[s] notice of them at any time and do[es] so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). Although the record indicates that the juvenile court rendered an order adjudicating the children dependent and then later rendered an order awarding custody of the children to the mother, neither order was entered on the case-action-summary sheet.
“The rendering and the entering of a judgment are two separate acts. Rule 58, Ala. R. Civ. P., provides, in pertinent part:
“ ‘(a) Rendition of Orders and Judgments. A judge may render an order or a judgment: (1) by executing a separate written document....
[[Image here]]
“ ‘(c) Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a)(l-4) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed “entered” within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.’ ”[1]
*537 Gilliam v. Gilliam, 43 So.3d 615, 618 (Ala.Civ.App.2010).
“Generally, an appeal will lie only from a final judgment, and if there is not a final judgment then this court is without jurisdiction to hear the appeal.” Sexton v. Sexton, 42 So.3d 1280, 1282 (Ala.Civ.App.2010). Before a judgment becomes final, it must first be entered as proscribed by Rule 58(c). Gilliam, 43 So.3d at 618 (“A judgment, although it has been rendered, is not considered effective until it has been entered within the meaning of Rule 58(c).”). Based on the foregoing, we conclude that the circuit clerk’s failure to enter the juvenile court’s orders on the case-action-summary sheet or in the State Judicial Information System has resulted in the absence of a final judgment capable of supporting an appeal. The appeal, therefore, must be dismissed.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.

. At the time this case was pending in the juvenile court, the Tenth Judicial Circuit of Alabama, which includes the Jefferson Juvenile Court, had not yet begun to use the State Judicial Information System. We have therefore relied upon the handwritten case-action-summary sheet submitted by the circuit clerk.