The defendants, Merrill Lynch, Pierce, Fenner Smith, Inc., and Ann Holman, appeal from the trial court's denial of their motion to compel arbitration. The notice of *Page 356 
appeal was not timely filed, and the appeal is dismissed ex mero motu.
The trial court denied the defendants' motion to compel arbitration on December 10, 1996. The denial of a motion to compel arbitration is an appealable order, and the defendants had 42 days in which to appeal. A.G. Edwards and Sons v. Clark,558 So.2d 358 (Ala. 1990). However, on December 27, 1996, the defendants filed a motion to alter, amend, or vacate the order, pursuant to Rule 59(e), Ala.R.Civ.P., and the running of the 42-day appeal period was suspended pending the trial court's ruling on that motion. Rule 4(a)(3), Ala.R.App.P.; Alabama FarmBureau Mut. Cas. Insurance Co. v. Boswell, 430 So.2d 426, 428
(Ala. 1983).
On March 5, 1997, the trial court denied the defendants' Rule 59(e) motion. Therefore, the 42-day period for appeal began to run again on that date. That 42-day period ended on April 16, 1997. The defendants, however, did not file a notice of appeal within that period; they took no action until May 22, 1997, when they filed a letter with the trial court. In that letter, the defendants' attorney indicated that he had received a copy of the case action summary sheet for the case and had noticed that the defendants' Rule 59(e) motion had been denied.
On June 10, 1997, the trial court entered an order purporting to set aside its March 5 order denying the defendants' Rule 59(e) motion as having been "inadvertently granted." The next day, June 11, 1997, the trial court entered another order, purporting to deny the defendants' Rule 59(e) motion to alter, amend, or vacate. On June 21, 1997, the defendants filed a notice of appeal to this Court, appealing the trial court's denial of their motion to compel arbitration.
It appears that the defendants rely on the trial court's June 11, 1997, order to mark the beginning of the 42-day period allowed for appeal. In the "statement of the case" contained in their brief, the defendants cite only the trial court's second denial of their Rule 59(e) motion, and they assert that the notice of appeal was timely filed. However, it is the trial court's March 5, 1997, denial of the defendants' Rule 59(e) motion that marks the beginning of the 42-day appeal period; the defendants filed their notice of appeal approximately 108 days later, or 66 days after the appeal period had run.
Although the trial court attempted to set aside its original order denying the motion, that attempt had no legal effect. The original order of March 5, 1997, was entered by a signed notation on the case action summary sheet, and there is no evidence that it was entered by a clerical error or by an oversight. See Rule 60(a), Ala.R.Civ.P.; see generallyWilson v. Leck's 66 Service Station, 513 So.2d 620, 621
(Ala.Civ.App. 1987); (noting that the rule authorizing the correction of clerical errors "does not authorize the trial court to render a different judgment"); Cornelius v. Green,521 So.2d 942, 945 (Ala. 1988). By describing the original order as "inadvertently granted," the trial court may have been attempting to cite Rule 60(b) to withdraw its original order. However, the defendants had made no Rule 60(b) motion, and there is no evidence that any of the circumstances required for granting such a motion ever existed. See Rule 60(b), Ala.R.Civ.P. More unusual is the fact that the trial court simply entered a duplicate of its March 5, 1997, order denying the defendants' Rule 59(e) motion. It would be improper for a court to circumvent the Rules of Procedure in an attempt to artificially renew the period in which a party may appeal. "Neither Rule 60(a) nor Rule 60(b) may be used as a substitute for a timely appeal." R.J. Reynolds Tobacco Co. v. Cantley,717 So.2d 751 (Ala. 1998). The Rules of Civil Procedure already consider instances of excusable neglect, and they specifically allow a 30-day extension for appeal in a case where the clerk fails to notify a party of a judgment or an order that has been entered in a case. See Rule 60(b), Ala.R.Civ.P; Rule 77(d), Ala.R.Civ.P.
In this case, a notation on the case action summary sheet indicates that the defendants were notified on March 6, 1997, of the trial court's March 5, 1997, denial of their Rule 59(e) motion. It was the defendants' duty to stay abreast of any action taken in this case, and they had 42 days in which to appeal to *Page 357 
this Court. They did not appeal within that period. This appeal is, therefore, dismissed.
DISMISSED.
MADDOX, ALMON, SHORES, COOK, and LYONS, JJ., concur.