PITTMAN, Judge.
 

 On April 17, 2003, Terry Carrell filed a civil action against James H. Luker, Paul Todd, and Equipartners Financial Co., Inc., alleging three claims arising from a transaction involving a lease of real property and an option to purchase that property: constructive eviction (count 1), fraud (count 2), and conversion (count 3). The trial court later directed that David Carrell be joined as a plaintiff, and the cause was set for trial on August 16, 2004. At trial, Equipartners was dismissed as a defendant and Todd failed to appear; testimony was then received from Luker and from Terry Carrell. After the plaintiffs rested, Luker moved for the entry of a judgment on partial findings
 
 (see
 
 Rule 52(c), Ala. R. Civ. P.) as to all counts of the complaint. The trial court orally indicated that the motion would be denied except as to count 3, and Luker rested after that ruling was made.
 

 The record reveals the following entry on the case action summary sheet:
 

 “8/16/04 Motion to dismiss Equipart-ners Financial Inc. is granted on motion of Plaintiffis].
 

 “Motion for default against Paul Todd Defendant is granted for [$]10,000.00 compensatory damages. Case is called to trial with Plaintiff[s] present with their attorney ... and Defendant James H. Luker present with his attorney.... “Plaintiffis] rest[ ]. Motion for judgment as a matter of law
 
 [sic
 
 ] is made by Defendant and is granted as to conversion count.
 

 “Trial brief filed in open court. Defendant rest[s].
 

 “The Court finds that the Plaintiffis] [are] entitled to recovery in the amount of [$]10,000.00 compensatory damages plus costs of court. This is found on Counts 1 and
 
 2.”
 

 
 *1150
 
 That entry bears the signature of the trial judge. A subsequent entry on the case action summary sheet, dated October 12, 2004, bears the notation: “Copies to attorneys & to deft Paul Todd.”
 

 On October 15, 2004, Todd filed what he termed an “objection” to the judgment entered by the trial court in which he asked the trial court to review its previous judgment. After that filing, the trial court apparently re-examined the case action summary sheet, including the entity referring to the trial court clerk’s issuance of copies of the judgment almost two months after the entry of that judgment. The trial court, on November 2, 2004, executed a document that was entitled “Correction of Clerical Mistake in Entry of Judgment” in which that court opined that it was “unclear as to when the Court actually entered the judgment in this cause”; invoking Rule 60(a), Ala. R. Civ. P., the trial court purported to
 
 ma sponte
 
 “correct” the judgment so as to bear the date of October 12, 2004. The trial court simultaneously entered the following notation on the case action summary sheet explaining its actions:
 

 “The order by separate paper is entered due to this Court writing orders on the case action summary sheet sometimes in large volumes which causes the orders not to be faxed out or mailed or clocked in by the Circuit Clerk’s office on a timely basis. This is only through the fault of lack of manpower. The original order was written by the Court on 8/16/04 but mailed to attorneys on 10/12/04. Therefore the Court enters this order by separate paper.”
 

 On November 10, 2004, Luker filed a motion “to alter, amend or vacate [the trial court’s] judgment” or, in the alternative, for a new trial. Although that motion cited both Rule 59 and Rule 60(b), Ala. R. Civ. P., the body of the motion simply narrated facts and averred that the judgment was “contrary to the evidence and the law” and that the amount of damages was not supported by the evidence; thus, the motion did not allege or demonstrate one of the grounds set forth in Rule 60(b) for granting relief from the judgment such that that motion might properly be construed as a motion filed pursuant to that rule
 
 (see Low v. State ex rel. Waltman,
 
 602 So.2d 435, 438 (Ala.Civ.App.1992)). The trial court entered orders purporting to deny Luker’s motion and Todd’s “objection” on December 1 and December 2, 2004, respectively. Both Todd and Luker filed notices of appeal from the trial court’s judgment, and their appeals were originally consolidated by this court; however, Todd’s appeal was dismissed after Todd and the Carrells engaged in a successful appellate mediation proceeding.
 

 Although neither party has questioned this court’s appellate jurisdiction, a lack of appellate jurisdiction resulting from a party’s failure to timely file a notice of appeal “cannot be waived”; indeed, “this court can raise the issue ex mero motu.”
 
 E.g., Carter v. Hilliard,
 
 838 So.2d 1062, 1063 (Ala.Civ.App.2002), and
 
 Moragne v. Moragne,
 
 888 So.2d 1280, 1283 (Ala.Civ.App.2004);
 
 see also
 
 Rule 2(a)(1), Ala. R.App. P. (stating that an appeal shall be dismissed if the notice of appeal is not timely filed to invoke the jurisdiction of the appellate court). After reviewing the record and the applicable legal authorities, we must conclude that Luker’s notice of appeal, filed on January 7, 2005, was not timely filed so as to properly invoke this court’s jurisdiction.
 

 As an initial matter, we note that the trial court clearly did “enter” a judgment in favor of the Carrells as to counts 1 and 2 of their complaint on August 16, 2004, by stating the substance of the judgment in an entry made directly on the case
 
 *1151
 
 action summary sheet and by signing that entry.
 
 See Smith v. Jackson,
 
 770 So.2d 1068, 1071-72 (Ala.2000) (“[U]nder Rule 58(c), rendition and entry of judgment occur simultaneously when the trial judge notes the judgment on the case action summary sheet or on separately maintained bench notes.”). The trial court’s subsequent entry on the case action summary sheet, while indicating that the sending of notice of the judgment was delayed, confirms that the judgment appearing on the case action summary sheet was indeed “written by the Court on 8/16/04.” As we noted in
 
 Rollins v. Rollins,
 
 903 So.2d 828, 833 (Ala.Civ.App.2004), “[w]hen a trial judge both places and signs a written order or judgment directly upon the civil docket, he simultaneously demonstrates his intent both to render that order or judgment and have it become final and effective.... It is in this circumstance that Rule 58(c) obliterates the distinction between the rendering and the entry of a judgment.”
 

 Although Rule 77(d), Ala. R. Civ. P., states that trial court clerks are to serve a notice of the entry of an order or a judgment “[ijmmediately upon [its] entry,” that rule also states:
 

 “Lack of notice of the entry by the clerk
 
 does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time alloived,
 
 except that upon a showing of excusable neglect based on a failure of the party to learn of the entry of the judgment or order the circuit court in any action may extend the time for appeal not exceeding thirty (30) days from the expiration of the original time now provided for appeals in civil actions.”
 

 Rule 77(d), Ala. R. Civ. P. (emphasis added). Thus, the failure of the clerk’s office to fulfill the duty of mailing notices in no way affects the time to appeal unless a party (1) can show excusable neglect and (2) moves for relief within 30 days after the original deadline for filing a notice of appeal.
 
 Altmayer v. Stremmel,
 
 891 So.2d 305, 308 (Ala.2004);
 
 see also Miller v. Amerada Hess Corp.,
 
 786 So.2d 1106, 1110 (Ala.2000) (indicating that “‘simple reliance on the notification process of the clerk’s office’ ” does not amount to “excusable neglect” so as to warrant the granting of a motion under Rule 77(d) seeking an extension of time to file a notice of appeal).
 

 In this case, even were we to assume that Luker would have been able to demonstrate “excusable neglect,” he filed no motion pursuant to Rule 77(d) seeking to extend the time for filing a notice of appeal beyond September 27, 2004, the 42d day after the entry of the trial court’s judgment. Indeed, by the time Luker filed anything in response to the judgment
 
 (i.e.,
 
 his November 10, 2004, motion to alter, amend, or vacate or for a new trial), more than 30 days had elapsed from the last day to appeal from the trial court’s judgment, and his motion would thus not have timely invoked the trial court’s jurisdiction to extend the time for filing a notice of appeal even had he sought relief under Rule 77(d) as a component of that motion.
 

 Neither can Luker’s appeal gain vitality by reference to the trial court’s case action summary sheet notation of November 2, 2004, or that court’s execution of a “separate paper” on that date purporting to grant relief under Rule 60(a), Ala. R. Civ. P.
 
 [1]
 
 First, it is well settled that Rule
 
 *1152
 
 60(a) may
 
 not
 
 be used as a substitute for a timely appeal and that a trial court may not “circumvent the Rules of Procedure in an attempt to artificially renew the period in which a party may appeal.”
 
 Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cobb,
 
 717 So.2d 355, 356 (Ala.1998). More importantly, however, the substantive effect of a Rule 60(a) order “is a correction of the original judgment to reflect the original intention of the trial court”; thus, “[t]he amendment
 
 relates back to the original judgment
 
 and becomes a part of it.”
 
 Bergen-Patterson, Inc. v. Naylor,
 
 701 So.2d 826, 829 (Ala.Civ.App.1997);
 
 see also Levine v. Malaga Rest., Inc.,
 
 501 So.2d 1231, 1234 (Ala.Civ.App.1987) (order in the nature of a clerical correction to a judgment under Rule 60(a) held not to toll the time for taking an appeal from the judgment). Thus, that the trial court purported to invoke Rule 60(a) as authority for stating that its judgment should be deemed to have been entered on October 12, 2004, does not render Luker’s appeal timely.
 

 In this case, the trial court rendered and simultaneously entered a judgment on August 16, 2004. Unfortunately, the trial court clerk did not notify the parties of the entry of that judgment in the manner envisioned in Rule 77(d), Ala. R. Civ. P., and Luker did not file a notice of appeal from that judgment within 42 days after its entry so as to properly invoke this court’s appellate jurisdiction under Rule 4(a), Ala. R.App. P.; therefore, the appeal must be dismissed. Although the conclusion we reach might appear harsh, and although the adoption of amendments to Rule 58 with respect to the direct entry of judgments on case action summary sheets might be just and appropriate so as to prevent similar dismissals in the future
 
 (see Allstate Ins. Co. v. Coastal Yacht Servs.,
 
 823 So.2d 632, 635-36 (Ala.2001) (Johnstone, J., concurring specially)), this court is without the power to amend the Rules of Civil Procedure so as to resurrect Luker’s untimely appeal or to otherwise excuse the untimeliness of his notice of appeal.
 

 APPEAL DISMISSED.
 

 CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.
 

 [1]
 

 . We note that November 2, 2004, is more than 30 days after the original appeal deadline and that, therefore, the trial court's action could not in any event properly be categorized as being in the nature of relief under
 
 *1152
 
 Rule 77(d), Ala. R. Civ. P.
 
 See Altmayer v. Stremmel,
 
 891 So.2d at 308.