On Application for Rehearing
The opinion of August 11, 2006, is withdrawn, and the following is substituted therefor.
David Leon Williams sued Fox Television Stations of Birmingham, Inc. ("Fox6"), and Fox6 employees Janet Hall and Rick Journey, alleging that he had been defamed in newscasts broadcast by Fox6. Williams originally attempted to serve Hall and Journey through Fox6's authorized agent; Hall and Journey successfully moved to strike that attempted service.Cf. Rules 4(c)(1) and 4(c)(6), Ala. R. Civ. P., regarding methods of serving individuals and corporations, respectively. Hall and Journey were never properly served. Fox6 moved for a summary judgment, which Williams opposed. Williams also moved for a summary judgment, which Fox6 opposed. The trial court rendered a written judgment on October 3, 2005, in which it granted Fox6's motion for a summary judgment.
The judgment was stamped as filed in the Jefferson circuit clerk's office on October 4, 2005. The computerized case-action-summary sheet reflects the filing date of the judgment on separate paper; however, the typewritten case-action-summary sheet does not contain an entry reflecting the filing of the October 4, 2005, judgment on separate paper. The computerized case-action-summary sheet contains a notation indicating that a clerk's office employee returned the October 4, 2005, judgment by separate paper to the court with a question regarding whether the other two defendants remained in the case. The trial court then entered an order, by placing it on the typewritten case-action-summary sheet, that reads:
 "Claims against the Defendant Fox Television Station, were dismissed on October 4, 2005, by separate order. The other two (2) Defendants, Janet Hall and Rick Journey, have not been served since claims against them were filed on October 20, 2004. Due to non-service on the remaining Defendants in this case, all claims against them are dismissed. This Judgment is made final. Costs are taxed to the Plaintiff as previously taxed.
 "DONE AND ORDERED on this the 19th day of October, 2005."
Williams filed a postjudgment motion on November 22, 2005.[1]
He filed a notice of appeal on November 30, 2005. *Page 1122 
Although neither party raises the issue of jurisdiction to this court, we take notice of the lack of jurisdiction exmero motu. See Ruzic v. State ex rel. Thornton,866 So.2d 564, 568-69 (Ala.Civ.App. 2003) (discussing the general rule that this court notices the lack of jurisdiction ex meromotu and citing to several cases noting that rule). The trial court's October 3, 2005, rendition of a judgment in favor of Fox6 was filed in the clerk's office on October 4, 2005. Pursuant to Rule 58(a), Ala. R. Civ. P., a judge may render a judgment in four ways, including executing a separate written document, as the trial court did in the present case. At all times pertinent to this case, Rule 58(c), Ala. R. Civ. P., stated that "[n]otation of a judgment or order on separately maintained bench notes or in the civil docket or the filingof a separate judgment or order constitutes the entry of the judgment or order."[2] (Emphasis added.) "When a separate judgment is filed, the filing thereof constitutes the entry of the judgment. . . ." Lacks v. Stribling,406 So.2d 926, 930 (Ala.Civ.App. 1981). The October 4, 2005, judgment on separate paper bears a stamp indicating that it was "filed in open court" on October 3, 2005, and a date stamp indicating that it was filed in the clerk's office on October 4, 2005. Thus, the judgment was entered, at the latest, as indicated by the date stamp, on October 4, 2005.
Because the only defendant who had been served at the time the judgment was entered was Fox6, the summary judgment in favor of Fox6 was a final judgment on October 4, 2005. Rule 4(f), Ala. R. Civ. P. ("When there are multiple defendants and the summons . . . and complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment."); see Owens v. National Sec. of Alabama,Inc., 454 So.2d 1387, 1388 n. 2 (Ala. 1984) (denying, pursuant to Rule 4(f), a motion to dismiss an appeal on the basis that the judgment appealed from was not final because there remained unserved defendants below); Harris v.Preskitt, 911 So.2d 8, 14 (Ala.Civ.App. 2005) (stating that an unserved defendant had never been a party to the action and that the judgment was final as to the served defendants without need for a judgment dismissing the unserved defendant). The October 19, 2005, order purporting to dismiss the claims against Hall and Journey was mere surplusage. Dolgencorp, Inc. v.Pounders, 912 So.2d 523, 525 (Ala.Civ.App. 2005) (stating that a trial court's purported certification of a judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., was surplusage because the judgment was otherwise made final by entry of a judgment dismissing the plaintiffs remaining claims against the remaining defendant and, therefore, all claims against all parties had been adjudicated). A trial court cannot divest a final judgment of its finality by taking subsequent *Page 1123 
action on the case. Horn v. Dunn Bros., Inc.,262 Ala. 404, 408, 79 So.2d 11, 15 (1955); Nichols v. Ingram,Plumbing, 710 So.2d 454, 456 (Ala.Civ.App. 1998); andMingledorff v. Falkville Downtown Redev. Auth.,641 So.2d 830, 832 (Ala.Civ.App. 1994). Thus, the October 4, 2005, judgment was final at the time it was entered despite the fact that two unserved defendants remained.
Although we note the discrepancy between the typewritten and the computerized case-action-summary sheets, we do not believe that the holding of Sparks v. Alabama Power Co.,679 So.2d 678, 681 (Ala. 1996), in which our supreme court decided that "where there is a material discrepancy between the information contained on the formal case action summary sheet in a case and the information contained in the circuit clerk's computerized docket, a litigant should not be penalized by relying in good faith on the information contained in either `document,'" would assist Williams. Williams clearly received a copy of both the October 4, 2005, judgment and the October 19, 2005, order. The arguments in Williams's postjudgment motion concern the trial court's conclusions of law contained in the October 4, 2005, judgment. Thus, even if Williams had noticed that the October 4, 2005, judgment had not been entered on the typewritten case-action-summary sheet, he had a copy of that judgment, indicating that it had been filed in open court on October 3, 2005, in his possession; Williams, in both his post-judgment motion and his notice of appeal referred to the date of the judgment granting Fox6's summary-judgment motion as "October 3, 2005." Although he relied on the trial court's erroneous conclusion that the summary judgment in favor of Fox6 was not final until the unserved defendants were "dismissed" from the action, Williams was not misled by the conflict in the case-action-summary sheets as the plaintiff in Sparks
was.
Williams's postjudgment motion was untimely, coming as it did more than 30 days after the entry of the October 4, 2005, judgment. Rule 59(b), Ala. R. Civ. P. (stating that postjudgment motions must be filed within 30 days of the entry of the judgment to which they are directed). Thus, Williams's untimely postjudgment motion did not toll the time for taking an appeal. Gary Powers Dev., Inc. v. State Home Bldrs.Licensure Bd., 852 So.2d 778, 782 (Ala.Civ.App. 2002). Williams's notice of appeal, which he filed on November 30, 2005, was also untimely because it was filed more than 42 days after the entry of the summary judgment in favor of Fox6. Rule 4(a)(1), Ala. R.App. P. (providing that, in most cases, an appeal must be taken within 42 days of the judgment being appealed from). We therefore dismiss Williams's appeal as being untimely. See Holmes v. Powell, 363 So.2d 760, 762
(Ala. 1978) ("A timely filing of the notice of appeal is jurisdictional, . . . the sanction to be applied for an untimely filing being dismissal.").
APPLICATION OVERRULED; OPINION OF AUGUST 11, 2006, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[1] Williams, who is incarcerated in an Alabama prison, argues on rehearing that he actually filed his postjudgment motion on November 17, 2005, the date he handed the motion to prison authorities for mailing, based on the application of the "mailbox rule." See Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (setting out the "mailbox rule"). Although the "mailbox rule" governs the timeliness of most filings in criminal cases and the timeliness of notices of appeals in both criminal and civil cases, see Rule 4(c), Ala. R.App. P., the rule has not been extended to other filings in civil cases. See N.H. v. Vickers,865 So.2d 452, 455 (Ala.Civ.App. 2003) (affirming a trial court's dismissal of an incarcerated litigant's motion for a default judgment as being untimely filed because no caselaw had extended the "mailbox rule" to filings in civil cases). In this particular case, the application of the "mailbox rule" would be unavailing to Williams, so we will not reconsider the issue of whether to extend that rule to filings in civil cases. Thus, we consider Williams's postjudgment motion as having been filed on November 22, 2005.
[2] Rule 58 was amended effective September 19, 2006. The new rule significantly differs from the prior rule, especially in regard to subsection (c), which now reads:
 "(c) Entry of Order or Judgment. Upon rendition of an order or judgment as provided in subdivision (a) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System. The entry of the judgment or order shall not be delayed for the taxing of costs. Interest upon a judgment runs from the date the court renders the judgment." *Page 1124