PITTMAN, Judge.
Dorothy B. Bedell filed a civil action in the Jefferson Circuit Court, alleging that she had suffered injuries in an automobile collision as a result of the wrongful conduct of both the owner and the operator of a particular motor vehicle that was insured, subject to limitations and exceptions, by Quality Casualty Insurance Company (“QCIC”). Bedell alleged that the operator of the vehicle insured by QCIC had acted negligently or wantonly so as to cause the collision, that the owner of the vehicle had negligently entrusted the vehicle to the operator, and that QCIC had breached a contractual duty owed to her in denying coverage as to the collision based upon a named-operator exclusion. The complaint was served upon QCIC; however, the owner and the operator of the vehicle insured by QCIC were not served with process.
*345 QCIC filed a motion to dismiss for failure to state a claim, alleging that Bedell’s action was a prohibited “direct action” against a liability insurer. Bedell filed a response in opposition to QCIC’s motion to dismiss and filed an affidavit indicating, among other things, that she had incurred medical bills in the amount of $2,520 as a result of the collision. On January 13, 2006, an order was entered granting QCIC’s motion; in that order, the trial court purported to “dismiss” QCIC “without prejudice.” However, because the trial court did not exclude Bedell’s affidavit, that order is properly deemed a summary judgment in favor of QCIC rather than a judgment of dismissal. See Rule 12(b), Ala. R. Civ. P., and Kaufmann & Assocs., Inc. v. Davis, 908 So.2d 246, 249-50 (Ala.Civ.App.2004). Moreover, although the trial court specified in that judgment that the cause would “remain pending as against all remaining [defendants” and then entered an order on February 27, 2006, purporting to dismiss all claims against the unserved owner and operator of the insured motor vehicle, the January 13, 2006, summary judgment constituted a final judgment in favor of QCIC pursuant to Rules 4(f) and 54(b), Ala. R. Civ. P., in that all claims against the only defendant that had properly been served had thereby been adjudicated. Bedell filed a notice of appeal on March 28, 2006.
Ex mero motu, we dismiss Bedell’s appeal on the authority of Williams v. Fox Television Stations of Birmingham, Inc., 959 So.2d 1120 (Ala.Civ.App.2006) (opinion on application for rehearing). In Williams, David Leon Williams named three defendants in his complaint, but he properly served only one of the defendants, Fox Television Stations of Birmingham, Inc. (“Fox6”). Fox6 sought a summary judgment in its favor, and the trial court entered a summary judgment in favor of Fox6 on October 4, 2005; however, the trial court then entered an order on October 19, 2005, purporting to dismiss all claims against the two unserved defendants. Although Williams filed a notice of appeal on November 30, 2005, 42 days after the entry of the October 19, 2005, order, we dismissed that appeal because he did not file a timely notice of appeal from the October 4, 2005, judgment in favor of Fox6, reasoning as follows:
“Because the only defendant who had been served at the time the judgment was entered was Fox6, the summary judgment in favor of Fox6 was a final judgment on October 4, 2005. Rule 4(f), Ala. R. Civ. P. (‘When there are multiple defendants and the summons ... and complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment.’); see Owens v. National Sec. of Alabama, Inc., 454 So.2d 1387, 1388 n. 2 (Ala.1984) (denying, pursuant to Rule 4(f), a motion to dismiss an appeal on the basis that the judgment appealed from was not final when there remained unserved defendants below); Harris v. Preskitt, 911 So.2d 8, 14 (Ala.Civ.App.2005) (stating that an unserved defendant had never been a party to the action and that the judgment was final as to the served defendants without need for a judgment dismissing the unserved defendant). The October 19, 2005, order purporting to dismiss the claims against [the un-served defendants] was mere surplus-age. Dolgencorp, Inc. v. Pounders, 912 So.2d 523, 525 (Ala.Civ.App.2005) (stating that a trial court’s purported certification of a judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., was surplus-age because the judgment was otherwise made final by entry of a judgment dis *346 missing the plaintiffs remaining claims against the remaining defendant and, therefore, all claims against all parties had been adjudicated). A trial court cannot divest a final judgment of its finality by taking subsequent action on the case. Horn v. Dunn Bros., Inc., 262 Ala. 404, 408, 79 So.2d 11, 15 (1955); Nichols v. Ingram Plumbing, 710 So.2d 454, 456 (Ala.Civ.App.1998); and Mingledorff v. Falkville Downtown Redev. Auth., 641 So.2d 830, 832 (Ala.Civ.App.1994). Thus, the October 4, 2005, judgment was final at the time it was entered despite the fact that two unserved defendants remained.
“... Williams’s notice of appeal, which he filed on November 30, 2005, was ... untimely because it was filed more than 42 days after the entry of the summary judgment in favor of Fox6. Rule 4(a)(1), Ala. RApp. P. (providing that, in most cases, an appeal must be taken within 42 days of the judgment being appealed from). We therefore dismiss Williams’s appeal as untimely. See Holmes v. Powell, 363 So.2d 760, 762 (Ala.1978) (A timely filing of the notice of appeal is jurisdictional, ... the sanction to be applied for an untimely filing being dismissal.’).”
Williams, 959 So.2d at 1122-23. In this case, Bedell did not file her notice of appeal until more than 42 days had elapsed from the date of the entry of the summary judgment in favor of QCIC; accordingly, we must dismiss the appeal. Rule 2(a)(1), Ala. RApp. P.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, MURDOCK, and BRYAN, JJ., concur.