SEE, Justice.
 

 James H. Luker petitioned this Court for certiorari review of a decision of the Court of Civil Appeals, arguing that an amendment to Rule 58(c), Ala. R. Civ. P., which became effective while his petition was pending, should apply to revive his appeal, which the Court of Civil Appeals dismissed as untimely.
 
 Luker v. Carrell,
 
 25 So.3d 1148 (Ala.Civ.App.2006). We agree and we therefore reverse the Court of Civil Appeals’ judgment and remand this case.
 

 Facts and Procedural History
 

 Terry Carrell sued Luker and others in the Jefferson Circuit Court, alleging constructive eviction, fraud, and conversion related to the lease of real property. David Carrell was later joined as a plaintiff, and a nonjury trial took place on August 16, 2004. After the Carrells rested their case-in-chief, Luker moved for the entry of a judgment on partial findings. The trial court orally stated that it would deny the motion except as it related to the conversion claim and that it would “try and get an order out that day.” The trial judge did enter a handwritten order on the case-action-summary sheet, which included a judgment on the fraud and constructive-eviction claims against Luker for “[$]10,-000.00 compensatory damages plus costs of court.” The trial judge signed that entry on the case-action-summary sheet.
 

 The trial court did not mail copies of the judgment to the parties’ attorneys until October 12, 2004. On November 2, 2004, the trial court executed a document entitled “Correction of Clerical Mistake in Entry of Judgment,” which stated that it was unclear when the trial court had entered its judgment in the case. Citing Rule 60(a) (“Clerical Mistakes”), Ala. R. Civ. P., the trial court corrected the judgment to show October 12, 2004, as the date of the entry of the judgment. The trial court further noted on the case-action-summary sheet that the failure to mail the original judgment in a timely manner occurred “only through the fault of lack of manpower.”
 

 On November 10, 2004, Luker filed a motion to alter, amend, or vacate the trial court’s judgment, citing both Rule 59 and Rule 60(b), Ala. R. Civ. P., arguing that the trial court’s judgment against him was contrary to the evidence and the law and that the evidence did not support the amount of damages awarded. The trial court denied Luker’s motion on December 1, 2004, and Luker filed a notice of appeal on January 7, 2005.
 

 On appeal, the Court of Civil Appeals concluded that Luker’s notice of appeal
 
 *1154
 
 was not timely because the judgment was entered on August 16, 2004, and because the clerk’s failure to notify the parties of the entry did not “
 
 ‘affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed,
 
 except ... upon a showing of excusable neglect.’ ”
 
 Luker,
 
 25 So.3d at 1151 (quoting Rule 77(d), Ala. R. Civ. P.). The Court of Civil Appeals held that Luker had failed to demonstrate excusable neglect and that the trial court could not use Rule 60(a), Ala. R. Civ. P., to “ ‘artificially renew the period in which a party may appeal.’ ”
 
 Luker,
 
 25 So.3d at 1152 (quoting
 
 Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Cobb,
 
 717 So.2d 355, 356 (Ala.1998)). Therefore, the Court of Civil Appeals concluded that the trial court’s document purporting to change the entry date of the original judgment could not make Luker’s untimely notice of appeal timely. The Court of Civil Appeals then dismissed the appeal under Rule 2(a)(1), Ala. RApp. P. (“An appeal shall be dismissed if the notice of appeal was not timely filed to invoke the jurisdiction of the appellate court.”). The Court of Civil Appeals noted that “the conclusion [it] reach[ed] might appear harsh” and that “the adoption of amendments to Rule 58 with respect to the direct entry of judgments on case action summary sheets might be just and appropriate so as to prevent similar dismissals in the future.”
 
 Luker,
 
 25 So.3d at 1152 (citing
 
 Allstate Ins. Co. v. Coastal Yacht Servs., Inc.,
 
 823 So.2d 632, 636 (Ala.2001) (Johnstone, J., concurring specially)).
 

 Luker petitioned this Court for the writ of certiorari. On September 19, 2006, while that petition was pending, we entered an order amending Rule 58, Ala. R. Civ. P.
 
 [1]
 
 The amended language of Rule 58(c) provides that an order or judgment is deemed “entered” on the date on which the clerk enters the order or judgment into the State Judicial Information System. We granted certiorari review in this case to address whether the amended language of Rule 58(c) should apply to this case, in which the petition for the writ of certiorari was pending at the time the amended rule became effective.
 

 Analysis
 

 When the Alabama Rules of Civil Procedure were adopted, this Court expressly provided:
 

 
 *1155
 
 “[These rules] govern all proceedings in actions brought after they take effect [July 1973] and also all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action pending when the rules take effect would not be feasible or would work injustice, in which event the former procedure applies.”
 

 Rule 86, Ala. R. Civ. P. However, the question whether an amendment to a Rule of Civil Procedure applies to proceedings pending when the amendment is adopted is a question of first impression for this Court.
 

 Luker argues that retroactive application of the rules of procedure is consistent with our treatment of remedial statutes, which do not create new substantive rights or affect a party’s vested rights. He cites
 
 Ex parte Bonner,
 
 676 So.2d 925, 926-27 (Ala.1995), in which we stated:
 

 “[T]his Court has often noted that ‘retrospective application of a statute is generally not favored, absent an express statutory provision or clear legislative intent that the enactment apply retroactively as well as prospectively.’ This general rule is, however, subject to an equally well-established exception, namely, that
 
 ‘[r]emedia.l
 
 statutes ... are not within the legal [concept] of “retrospective laws,” ... and
 
 do operate retroactively,
 
 in the absence of language clearly showing a contrary intention.’ In other words, ‘[r]emedial statutes— those which do not create, enlarge, diminish, or destroy vested
 
 rights
 
 — are
 
 favored by the courts,
 
 and their retrospective operation is not obnoxious to the spirit and policy of the law.’ Remedial statutes are exemplified by those that ‘ “impair no contract or vested right, ... but preserve and enforce the right and heal defects in existing laws prescribing remedies.” ’ Such a statute ‘may be applied on appeal, even if the effective date of that statute occurred while the appeal was pending, and
 
 even if the effective date of the statute was after the judgment in the trial court’
 
 ”
 

 (Citations omitted.) Luker argues, and we agree, that the amendment to Rule 58(c) is both procedural and remedial in nature and that the amendment affects no substantive rights. Moreover, nothing in the amendment to Rule 58(c) or in the Committee Comments to Amendment to Rule 58 Effective September 19, 2006, adopted in conjunction with that amendment, indicates that the Court intended the amended rule to apply only prospectively. It is appropriate for the amendment to Rule 58(c) to apply retrospectively to a case in which a petition was pending on the effective date of the amendment, just as would be the case with a remedial statute.
 

 Even more significantly, applying the amended language of Rule 58(c) to this case is consistent with the policies that underlie the Alabama Rules of Civil Procedure and with the purpose for the amendment of Rule 58(c) itself.
 
 [2]
 
 Rule 1(c), Ala. R. Civ. P., states that the Rules of Civil Procedure “shall be construed and admin
 
 *1156
 
 istered to secure the just, speedy and inexpensive determination of every action.” Consistent with the objective of the just determination of every case, Justice John-stone, in his special concurrence in
 
 Allstate,
 
 recommended “ ‘that the Committee on the Rules of Civil Procedure appointed by this Court study Rule 58(c), Ala. R. Civ. P., and initiate revisions that will eliminate the potential for injustice present in the current text of the rule as interpreted by the Court in this case.’ ” 823 So.2d at 636 (Johnstone, J., concurring specially (quoting Ha
 
 rris v. MedStar Inc.,
 
 790 So.2d 256, 256-57 (Ala.2001) (Johnstone, J., concurring specially))). The amendment to Rule 58(c) was “the result of that study” and was designed to provide for “an unambiguous, universally available judgment entry date.” Committee Comments to Amendment to Rule 58 Effective September 19, 2006. The Committee on the Rules of Civil Procedure further stated:
 

 “Upon occasion, the loose-leaf ‘docket sheets’ or ‘case action summary sheets’ have been misplaced after a judgment has been entered, or the circuit clerk failed to mail notice of the entry of judgment, such that the time for filing a notice of appeal began to run without the losing party’s having effective notice of the entry of judgment or the deadline for filing a notice of appeal.”
 

 Committee Comments to Amendment to Rule 58 Effective September 19, 2006. The circumstances surrounding Luker’s appeal exemplify just such a situation as described in the Committee Comments. The trial court rendered its judgment on August 16, 2004, and under the provisions of former Rule 58, Ala. R. Civ. P., the judgment was entered on that date. However, notice of • the judgment was not mailed to the parties until October 12, 2004, nearly two months after the time for filing a notice of appeal had begun to run.
 

 Because this is the exact situation the September 19, 2006, amendment to Rule 58(c), Ala. R. Civ. P., was designed to prevent, and because retroactive application of the amendment to the Rules of Civil Procedure to cases pending at the time the amendment became effective is consistent with our prior treatment of procedural and remedial rules and statutes, we hold that Rule 58(c), as amended, should apply to Luker’s case. Amended Rule 58(c) provides that “[a]n order or a judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.” The State Judicial Information System records indicate that the judgment against Luker was entered on October 12, 2004. Luker timely filed his motion to alter, amend, or vacate the judgment within 30 days of the entry of that judgment, and he timely filed his notice of appeal after the trial court denied that motion. We therefore reverse the judgment of the Court of Civil Appeals and remand the case for proceedings consistent with this opinion.
 

 Conclusion
 

 We hold that the amended language of Rule 58(c), Ala. R. Civ. P., which became effective while Luker’s petition to this Court for the writ of certiorari was pending, should apply to this case. Under the amended rule, Luker timely appealed the trial court’s denial of his Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the judgment. Therefore, we reverse the Court of Civil Appeals’ judgment and remand the case for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 
 *1157
 
 COBB, C.J., and LYONS, WOODALL, STUART, SMITH, and BOLIN, JJ., concur.
 

 PARKER, J., concurs in the result.
 

 MURDOCK, J., recuses himself.
 

 [1]
 

 . Rule 58, Ala. R. Civ. P., as amended, reads as follows:
 

 “(a) Rendition of Orders and Judgments. A judge may render an order or a judgment: (1) by executing a separate written document, (2) by including the order or judgment in a judicial opinion, (3) by endorsing upon a motion the words 'granted,' ‘denied,’ 'moot,' or words of similar import, and dating and signing or initialing it, or (4) by making or causing to be made a notation in the court records.
 

 "(b) Sufficiency of Order or Judgment. An order or a judgment need not be phrased in formal language nor bear particular words of adjudication. A written order or a judgment will be sufficient if it is signed or initialed by the judge, or by the clerk in the case of a judgment entered pursuant to Rule 55(b)(1), and indicates an intention to adjudicate, considering the whole record, and if it indicates the substance of the adjudication.
 

 "(c) Entry of Order or Judgment. Upon rendition of an order or a judgment as provided in subdivision (a) of this rule, the clerk shall forthwith enter such order or judgment in the court record. An order or a judgment shall be deemed 'entered' within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System. The entry of the judgment or order shall not be delayed for the taxing of costs. Interest upon a judgment runs from the date the court rendered the judgment.
 

 "(dc) District Court Rule. Rule 58 applies in the district courts.”
 

 [2]
 

 . We recognize that the Court of Civil Appeals previously implicitly decided this question differently in
 
 Williams v. Fox Television Stations of Birmingham, Inc.,
 
 959 So.2d 1120 (Ala.Civ.App.2006). In its opinion on application for a rehearing, that court acknowledged that Rule 58(c), Ala. R. Civ. P., was "amended effective September 19, 2006," 959 So.2d at 1122 n. 2, but nevertheless applied the earlier version of Rule 58(c) because it was the version that was effective “[a]t all times pertinent to [the] case." 959 So.2d at 1122. Although we understand that rationale, we reach a contrary conclusion based on our prior caselaw and on the nature and purpose of the Alabama Rules of Civil Procedure and the amendment to Rule 58(c).