BRYAN, Judge.
Shirley Denise Turner (“Shirley”) appeals from a judgment in favor of Carl Angelo Green (“Carl”). We dismiss the appeal.
On January 14, 2009, Carl, acting pro se, sued Shirley, who is one of Carl’s siblings, in the Etowah Circuit Court (“the trial court”). Carl’s complaint alleged that his and Shirley’s deceased mother, Helen Aurtmishell Green (“Helen”), had devised a parcel of real property located in Etowah County (“the property”) to him in her will (“the will”), that the will had been probated, and that Shirley had subsequently had Jane Ann Devereaux (“Jane”), who was also a child of Helen, execute a quitclaim deed purporting to convey any interest she might have in the property to Shirley. The complaint sought a determination that Carl owned the property.
The record indicates that Shirley was served with process on January 22, 2009. Acting pro se, Shirley answered the complaint on February 17, 2009. In her answer, Shirley denied that she had done *1018 anything improper, averred that Jane had known what she was signing when she signed the quitclaim deed, and averred that Helen was very sick when she executed the will.
On February 20, 2009, Carl moved for a summary judgment. On May 7, 2009, the trial court held a hearing regarding Carl’s summary-judgment motion. On May 8, 2009, the trial court entered an order stating that it was reserving its ruling on Carl’s summary-judgment motion and granting Carl 30 days to amend his complaint to state a quiet-title claim and to add any additional necessary parties.
On June 3, 2009, Carl requested that the sheriff serve process on the rest of Helen’s next of kin, i.e., Jane; Dale Bernard Green (“Dale”), one of Helen’s two surviving sons other than Carl; Alonzo H. Green (“Alonzo”), Helen’s other surviving son; and Tiffany Radford (“Tiffany”)[1] and Terrence Radford (“Terrence”), the children of Walter Lee Bell, a son of Helen who had predeceased her. Thereafter, the sheriff attempted unsuccessfully to serve Jane, Dale, Alonzo, Tiffany, and Terrence.
On June 8, 2009, Shirley filed a pleading titled “Objection” in which she asserted that Helen had been mentally incompetent when she executed the will, that Carl had procured Helen’s execution of the will by exercising undue influence over her, and, therefore, that Carl was not entitled to a judgment determining that he was the sole owner of the property.
On November 9, 2009, an attorney filed a notice of appearance on behalf of Carl. On December 14, 2009, the trial court set the action for trial on February 1, 2010.
On February 1, 2010, the trial court held a bench trial. Although the record does not indicate that Carl had amended his complaint in accordance with the trial court’s instruction in its May 9, 2009, order, and although the record indicates that Jane, Dale, Alonzo, Tiffany, and Terrence had not yet been served with process, the trial court, on February 2, 2010, entered a judgment, which stated, in pertinent part:
“This matter having come before the Court on the 1st day of February, 2010 on the Complaint of [Carl] seeking to quiet title to [the property] and the objection filed by [Shirley] and the Court having taken testimony, ore tenus, the Court hereby finds as follows:
“1. Title to the [property] is hereby vested in the name of the [Carl]....
“2. The Court finds that [Shirley], [Alonzo], [Dale], [Jane], [Tiffany], and [Terrence] have no interest in the above described property.
“3. The Tax Assessor is directed to assess the property into the name of [Carl]....”
Shirley neither filed a Rule 59(e), Ala. R. Civ. P., postjudgment motion within 30 days after the entry of the February 2, 2010, judgment nor filed a notice of appeal within 42 days after the entry of the February 2, 2010, judgment.
On March 30, 2010, 56 days after the entry of the February 2, 2010, judgment, an attorney filed a motion titled “Motion to Reconsider” on behalf of Shirley. In pertinent part, that motion stated:
“COMES NOW, [Shirley], by and through her legal counsel, and hereby submits this Motion to Reconsider and for leave of court to assert [a] counterclaim. In support thereof, [Shirley] avers as follows:
*1019 “1) On February 2, 2010, this Court entered an Order which established rights to [the property].
“2) At the time of said hearing, [Jane], [Dale], [Alonzo], [Tiffany], and [Terrence] had not been served. Despite said fact, a hearing was held on February 1, 2010. After said hearing, this Court entered an Order which provided that the Defendants, including those who were not yet served, did not have any interest in the above described property.
“3) Due to the fact that there are still claims pending against the non-served parties, [Shirley] asserts that the Order dated February 2, 2010 is non-final. As a result, this Motion to Reconsider is timely filed.
“4) [Shirley] respectfully requests that this Court will reconsider its Order dated February 2, 2010 to consider the following facts and counterclaims which appear to have not been asserted during the previous hearing.
“5) [Shirley] respectfully requests this Court to grant leave to assert [a] counterclaim.”
(Emphasis added.) The motion then asserted a counterclaim stating claims of adverse possession and unjust enrichment against Carl. The gravamen of Shirley’s adverse-possession claim was that she owned the property because, she alleged, she had been in adverse possession of it for more than 10 years. The gravamen of her unjust-enrichment claim was that, if the property was owned by Carl, she was entitled to be compensated for improvements she had made to the property that Carl had allowed her to make without objection.
Carl filed a response in which he (1) asserted that Shirley’s motion to reconsider was untimely; (2) moved the trial court to set aside the February 2, 2010, judgment only insofar as it purported to adjudicate the rights of Jane, Dale, Alonzo, Tiffany, and Terrence on the ground that they had not been served with process before the entry of the February 2, 2010, order; and (3) sought an order authorizing service by publication on Jane, Dale, Alonzo, Tiffany, and Terrence.
The trial court held a hearing regarding Shirley’s motion on June 2, 2010. On June 3, 2010, the trial court entered an order that stated:
“THIS CAUSE coming before the Court on the 2nd day of June, 2010 on [Shirley’s] Motion to Reconsider filed herein, with the Court having heard arguments of counsel the following is hereby ORDERED, ADJUDGED, and DECREED:
“1. The Court’s Order of February 2, 2010 is hereby SET ASIDE and held for naught.
“2. [Carl] is hereby ORDERED and DIRECTED to get all Defendants served pursuant to the appropriate method under Ala. R. Civ. P. 4.2.”
(Capitalization in original.)
On June 14, 2010, Carl moved for an order authorizing service on Jane, Dale, Alonzo, Tiffany, and Terrence by publication. The trial court granted that motion on June 21, 2010.
After service was effected on Jane, Dale, Alonzo, Tiffany, and Terrence by publication, the trial court held a bench trial regarding Carl’s complaint and Shirley’s counterclaim on February 14, 2011. On February 22, 2011, the trial court entered a judgment. In pertinent part, that judgment stated:
“[H]aving taken testimony, ore tenus, the Court hereby finds as follows:
“1. Title to the [property] is hereby quieted in the name of [Carl].
*1020 “2. The Court finds that [Shirley], [Alonzo], [Dale], [Jane], [Tiffany], and [Terrence] have no interest in the ... property. Only [Shirley] appeared to contest the claim of [Carl].
“3. The Tax Assessor is directed to assess the property into the name of [Carl]....
“4. The claims of [Shirley] for Adverse Possession and Unjust Enrichment are hereby denied.”
On March 18, 2011, Shirley moved to alter, amend, or vacate the February 22, 2011, judgment. The trial court denied that motion on May 18, 2011. The February 22, 2011, judgment was appealed to the supreme court by Shirley only. The supreme court transferred Shirley’s appeal to this court pursuant to § 12-2-7(6), Ala. Code 1975.
As a threshold matter, Carl asserts that the trial court lacked jurisdiction to vacate the February 2, 2010, judgment insofar as it ruled in his favor with respect to his claim against Shirley. Rule 4(f), Ala. R. Civ. P., provides:
“When there are multiple defendants and the summons ... and the complaint have been served on one or more, but not all, of the defendants, the plaintiff may proceed to judgment as to the defendant or defendants on whom process has been served and, if the judgment as to the defendant or defendants who have been served is final in all other respects, it shall be a final judgment. After the entry of judgment, if the plaintiff is able to obtain service on a defendant or defendants not previously served (except, however, defendants designated as fictitious parties as allowed by Rule 9(h), [Ala. R. Civ. P.,] who shall be deemed to have been dismissed voluntarily when the case was announced ready for trial against other defendants sued by their true names), the court shall hear and determine the matter as to such defendant or defendants in the same manner as if such defendant or defendants had originally been brought into court, but such defendant or defendants shall be allowed the benefit of any payment or satisfaction that may have been made on the judgment previously entered in the action.”
The February 2, 2010, judgment adjudicated all claims against Shirley, the only defendant who had then been served with process. Thus, under Rule 4(f), the February 2, 2010, judgment was a final, ap-pealable judgment with respect to Shirley. See Franklin v. Catledge, 59 So.Sd 738, 740-41 (Ala.Civ.App.2010); Bedell v. Quality Cas. Ins. Co., 958 So.2d 344 (Ala.Civ. App.2006); and Williams v. Fox Television Stations of Birmingham, Inc., 959 So.2d 1120 (Ala.Civ.App.2006), overruled on other grounds by Ex parte Luker, 25 So.3d 1152 (Ala.2007).
Although the February 2, 2010, judgment also contained language purporting to adjudicate Carl’s claim against Jane, Dale, Alonzo, Tiffany, and Terrence, that language was void because Jane, Dale, Alonzo, Tiffany, and Terrence had not then been served with process and, therefore, the trial court did not have in personam jurisdiction over them. See Northbrook Indem. Co. v. Westgate, Ltd., 769 So.2d 890, 893 (Ala.2000) (“ ‘Failure of proper service under Rule 4 deprives a court of jurisdiction and renders its judgment void.’ Ex parte Pate, 673 So.2d 427, 428-29 (Ala. 1995).”).
With respect to Shirley, however, the February 2, 2010, judgment was a valid, final judgment for the reasons discussed above. Rule 59(e) provides that a trial court, on the motion of a party, can alter, amend, or vacate a final judgment it has entered if the motion is filed within 30 *1021 days of the entry of the judgment. The record indicates that Shirley did not file a Rule 59(e) motion within 30 days of the entry of the February 2, 2010, judgment. Rule 59 also allows a trial court, acting sua sponte, to alter, amend, or vacate a final judgment it has entered within 80 days of the entry of that judgment. See Pierce v. American Gen. Fin., Inc., 991 So.2d 212, 215 (Ala.2008). However, the record indicates that the trial court did not enter a sua sponte order altering, amending, or vacating the February 2, 2010, judgment within 30 days after it was entered.
Rule 60(b), Ala. R. Civ. P., provides that a trial court, on the motion of a party made more than 30 days after the entry of a final judgment, can relieve a party from that final judgment based on the following grounds:
“(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
However, Shirley’s “Motion to Reconsider,” which was filed more than 30 days after the entry of the February 2, 2010, judgment, did not seek relief from the February 2, 2010, judgment based on any of the grounds enumerated in Rule 60(b); rather, it merely asserted that the February 2, 2010, judgment was not final with respect to Shirley because Jane, Dale, Alonzo, Tiffany, and Terrence had not been served with process before the February 2, 2010, judgment was entered. Moreover, the order entered by the trial court on June 3, 2010, which purported to vacate the February 2, 2010, judgment in its entirety, did not cite any of the grounds enumerated by Rule 60(b) as its basis. Consequently, we conclude that the trial court lacked jurisdiction to enter the June 3, 2010, order insofar as it purported to vacate the February 2, 2010, judgment with respect to Shirley because (1) the February 2, 2010, judgment was a final judgment with respect to Shirley under Rule 4(f), (2) Shirley did not file a timely Rule 59(e) motion challenging the February 2, 2010, judgment, (3) the trial court did not act sua sponte to vacate the February 2, 2010, judgment within 30 days after it was entered pursuant to Rule 59, (4) Shirley’s “Motion to Reconsider” did not seek relief from the February 2, 2010, judgment based on any of the grounds enumerated by Rule 60(b), and (5) the trial court’s June 3, 2010, order purporting to vacate the February 2, 2010, judgment with respect to Shirley did not purport to do so on the basis of any ground enumerated by Rule 60(b).
Moreover, we conclude that the February 2, 2010, judgment barred Shirley from asserting the counterclaim she included in her “Motion to Reconsider.” In pertinent part, Rule 13(a), Ala. R. Civ. P., provides:
“A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction.”
*1022 In Ex parte Cincinnati Insurance Cos., 806 So.2d 376, 379-80 (Ala.2001), the supreme court stated:
“The drafters of Rule 13, Ala. R. Civ. P., intended to adopt the ‘logical-relationship’ test for determining whether a counterclaim is compulsory. ‘A counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim.’ Committee Comments on 1973 adoption of Rule 13, ¶ 6. Under the logical-relationship standard, a counterclaim is compulsory if ‘(1) its trial in the original action would avoid a substantial duplication of effort or (2) the original claim and the counterclaim arose out of the same aggregate core of operative facts.’ Ex parte Canal Ins. Co., 534 So.2d 582, 584 (Ala.1988) (quoting Brooks v. Peoples Nat’l Bank of Huntsville, 414 So.2d 917, 919 (Ala.1982)). In determining whether the claims ‘arose out of the same aggregate core of operative facts,’ this Court must determine whether ‘(1) the facts taken as a whole serve as the basis for both claims or (2) the sum total of facts upon which the original claim rests creates legal rights in a party which would otherwise remain dormant.’ Canal Ins., 534 So.2d at 584.
“The United States Court of Appeals for the Eleventh Circuit has also adopted a logical-relationship test for determining whether a counterclaim is compulsory under Rule 13(a), Fed. R.Civ.P. See Republic Health Corp. v. Lifemark Hosps. of Florida, Inc., 755 F.2d 1453, 1455 (11th Cir.1985). There is a logical relationship “when “the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights, otherwise dormant, in the defendant.” ’ Republic Health, 755 F.2d at 1455 (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir.1979)). Moreover, the Eleventh Circuit has stated that ‘[a] determination of whether a counterclaim is compulsory is not discretionary; rather, such a determination is made as a matter of law.’ Republic Health, 755 F.2d at 1454. See also Owens v. Blue Tee Corp., 177 F.R.D. 673, 680 (M.D.Ala.1998).”
“Failure to properly assert a compulsory counterclaim in the original proceeding bars future litigation by the parties on that claim.” Sanders v. First Bank of Grove Hill, 564 So.2d 869, 872 (Ala.1990).
Carl’s claim and both of the claims Shirley purported to assert in her “Motion to Reconsider” shared a common issue: who owned the property. Consequently, we conclude that the claims Shirley purported to assert in her “Motion to Reconsider” were compulsory counterclaims that she was required to file in Carl’s action against her. The February 2, 2010, judgment was a final judgment that terminated Carl’s action with respect to Shirley, see Rule 4(f); Franklin; Bedell; and Williams, and, therefore, barred her from subsequently asserting those claims in her “Motion to Reconsider,” see Sanders. Thus, to the extent that the judgment entered by the trial court on February 22, 2011, purported to rule against Shirley both with respect to Carl’s claim against her and her claims against him, it was a nullity.
 Shirley did not file a notice of appeal within 42 days after the entry of the February 2, 2010, judgment, and, therefore, this court has no jurisdiction to review that judgment. See Rules 2(a)(1), 3(a)(1), and 4(a), Ala. R.App. P. Moreover, because the February 22, 2011, judgment was void insofar as it purported to rule against Shirley, she was not aggrieved by that judgment. “A party that is not aggrieved by a trial court’s judgment cannot appeal from that judgment. See Sho- *1023 Me Motor Lodges, Inc. v. Jehle-Slauson Constr. Co., 466 So.2d 88, 88 (Ala.1985); S.W.M. v. D.W.M., 723 So.2d 1271, 1272 (Ala.Civ.App.1998); and Rush v. Heflin, 411 So.2d 1295, 1297 (Ala.Civ.App.1982).” Buco Bldg. Constructors, Inc. v. Mayer Elec. Supply Co., 960 So.2d 707, 711-12 (Ala.Civ.App.2006). Therefore, the notice of appeal Shirley filed within 42 days of the entry of the February 22, 2011, judgment did not confer jurisdiction on this court.
Under Rule 4(f), the action properly proceeded against Jane, Dale, Alonzo, Tiffany, and Terrence after they were served with process, and the February 22, 2011, judgment was valid with respect to them. However, none of them have appealed the February 22, 2011, judgment. Accordingly, this court has no jurisdiction over the appeal before us. Because we have no jurisdiction over the appeal, we must dismiss it.
APPEAL DISMISSED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Tiffany’s name is spelled "Teffany” in some parts of the record and "Terrany” in other parts of the record; however, the record contains a document signed by her in which she spells her name as Tiffany. Therefore, we refer to her in this opinion as Tiffany.